## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| CAMBRIDGE RETIREMENT SYSTEM, on Behalf of Itself and all Others Similarly Situated, | Case No. 1:13-cv-1165 |
| Plaintiff, | CLASS ACTION |
| v. | Judge Christopher A. Boyko |
| INVACARE CORPORATION, *et. al.*, | |
| Defendants. | ORAL ARGUMENT REQUESTED |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF THE GOVERNMENT OF GUAM RETIREMENT FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL, AND IN OPPOSITION TO THE COMPETING MOTION OF LOCAL 731 FUNDS**

The Government of Guam Retirement Fund ("Guam") respectfully submits this memorandum of law in further support of its motion for appointment as Lead Plaintiff and approval of its selection of the law firm of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Lead Counsel, and in opposition to the competing motion filed by Local 731 I.B. of T. Excavators and Pavers Pension Trust Fund, Private Scavenger and Garage Attendants Pension Trust Fund and Textile Maintenance and Laundry Craft Pension Fund (the "Local 731 Funds").

## PRELIMINARY STATEMENT

Guam, which suffered over $177,000 in losses on its investments in Invacare Corporation ("Invacare") – more than **twice** the losses claimed by the only competing movant, Local 731 Funds **–** indisputably has the largest financial interest in the outcome of this litigation.  Whether measured on a first-in, first-out ("FIFO") or last-in, first-out ("LIFO") basis, the losses of the three individual members of the competing movant group Local 731 Funds do not even come close to Guam's loss, even when **combined**:

| MOVANT | FIFO (LOSS) | LIFO (LOSS) |
|---|---|---|
| Guam | ($177,448) | ($177,448) |
| Local 731 Funds | ($82,451) | ($82,451) |

As illustrated above, of the two competing movants, Guam asserts the largest loss from its investment in Invacare by far; its loss is more than twice as large as the losses of the three individual members of the Local 731 Funds group taken together.  Moreover, as set forth below, Guam also asserts far greater amounts of shares purchased, net shares purchased, and net expenditures than the Local 731 Funds group – and thus Guam indisputably has the largest financial interest under **every single measure** of financial interest.  *See In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 303 (S.D. Ohio 2005) (outlining four-factor test).  Guam is, in

addition, a sophisticated institutional investor – precisely the type of lead plaintiff that Congress intended to direct securities class actions as lead plaintiff under the Private Securities Litigation Reform Act of 1995 ("PSLRA").  *See id.* at 305-06 (noting "the PSLRA's expressed preference" for public institutional investors); *see also In re Cavanaugh*, 306 F.3d 726, 738 (9th Cir. 2002).

Thus, as the movant with the "largest financial interest in the relief sought by the class" that "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure," Guam is clearly entitled to the presumption as the "most adequate plaintiff" under the well-defined standards of the PSLRA.  *See* 15 U.S.C. § 78u-4(a)(3)(B).

Further, the presumption afforded Guam, which "may be rebutted only upon ***proof***" of inadequacy, 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added), cannot be legitimately challenged in this case.  Accordingly, Guam respectfully requests that the Court appoint it as Lead Plaintiff and otherwise grant its motion.

## ARGUMENT

### A.  Guam Has The Largest Financial Interest In This Action And Is Entitled To The Presumption As The Most Adequate Plaintiff

Under the PSLRA, the movant with the largest financial interest that otherwise satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure is entitled to the presumption as the "most adequate plaintiff" and should be appointed as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i).

Although the PSLRA does not define the term "largest financial interest," a broad body of case law establishes four key factors that should guide the Court's analysis.  *See, e.g.*, *In re Goodyear Tire & Rubber Co. Sec. Litig.*, 5:03 CV 2166, 2004 WL 3314943, at *3 (N.D. Ohio May 12, 2004) ("This Court will calculate financial interest employing a four-factor inquiry recognized by a host of other district courts.").  That analysis considers: (1) the number of shares purchased during the class period; (2) the net number of shares purchased during the class period; (3) the net funds expended by the movant to acquire those shares; and (4) the

approximate losses suffered by the movant during the class period.  *Id.*; *see Cardinal Health,* 226 F.R.D. at 303 (citing MANUAL FOR COMPLEX LITIGATION § 31.31 (4th ed. 2004)).

Under each of these factors, Guam has a far greater financial interest than Local 731 Funds.  The following chart demonstrates the financial interest of the competing movants under the four factor test:

| Movant | Shares Purchased | Net Shares Purchased | Net Expenditures | FIFO (Loss) | LIFO (Loss) |
|---|---|---|---|---|---|
| Guam | 18,000 | 13,600 | $399,933 | ($177,448) | ($177,448) |
| Local 731 Funds | 8,078 | 8,078 | $218,899 | ($82,451) | ($82,451) |

As reflected above, Guam's estimated loss of over $177,000 on both a FIFO and LIFO basis is more than *twice as large* as the combined losses of the Local 731 Funds group.  Indeed, Guam has a larger financial interest than the constituent members of the Local 731 Funds, taken together, on *every single measure* of financial interest.  *See, e.g., Burgraff v. Green Bankshares, Inc.*, 2:10-CV-00253, 2011 WL 613281, at *2-3 (E.D. Tenn. Feb. 11, 2011) (appointing movant that had larger financial interest than competing movants under all factors); *In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*, 458 F. Supp. 2d 455, 461 (E.D. Mich. 2006) (appointing movant where "there is no question that [competing movant] comes nowhere close to having the largest financial interest in the action"); *Goodyear Tire*, 2004 WL 3314943, at *5 (appointing movant with larger financial interest than all other qualified movants under all factors).  Therefore, Guam is the presumptively "most adequate plaintiff" and should be appointed as Lead Plaintiff.

**B.     The Presumption Entitling Guam To
Appointment As Lead Plaintiff Has Not Been Rebutted**

The PSLRA provides that, in addition to possessing the largest financial interest, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *see also Ohio Pub. Emps. Ret. Sys. v. Fannie Mae*, 357 F. Supp. 2d 1027, 1034 (S.D. Ohio 2005) (discussing qualifications for lead plaintiff presumption).

As described more fully in its opening memorandum of law, Guam is adequate and typical, and thus satisfies the relevant requirements of Rule 23.   Accordingly, Guam is entitled to the presumption under the PSLRA as the "most adequate plaintiff" – a presumption that the competing movants simply cannot rebut as no such "proof" of inadequacy exists in this case.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  Indeed, as set forth in its motion and accompanying certification, Guam is highly experienced in overseeing class counsel and litigating securities class actions under the PSLRA, and thus is the prototypical institutional lead plaintiff envisioned by Congress when the PSLRA was enacted.  *See Cardinal Health*, 226 F.R.D. at 305-06; *Delphi*, 458 F. Supp. 2d at 461 ("Congress explicitly stated that it hoped that by selecting the plaintiff with the greatest financial loss, the PSLRA would thereby 'increase the likelihood that institutional investors will serve as lead plaintiffs'"). Accordingly, Guam respectfully requests that it be appointed as Lead Plaintiff and its motion otherwise be granted.

## CONCLUSION

For the above reasons, Guam respectfully requests that the Court (i) appoint Guam as Lead Plaintiff; (ii) approve its selection of Bernstein Litowitz as Lead Counsel for the Class; and (iii) grant such further relief as the Court deems just and proper.

Dated: August 9, 2013                              Respectfully submitted,

                                                            */s/ Scott D. Simpkins*
                                                            John R. Climaco (0011456)

Scott D. Simpkins (0066775)
**CLIMACO, WILCOX, PECA,**
  **TARANTINO & GAROFOLI CO., LPA**
55 Public Square, Suite 1950
Cleveland, Ohio 44113
Telephone: (216) 621-8484
Facsimile: (216) 771-1632

*Local Counsel for Proposed Lead Plaintiff
Government of Guam Retirement Fund*

**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
Blair A. Nicholas (admitted *Pro Hac Vice*)
12481 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: (858) 793-0070
Facsimile:  (858) 793-0323
  -and-
Gerald H. Silk (admitted *Pro Hac Vice*)
Avi Josefson (admitted *Pro Hac Vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 554 1400
Facsimile:  (212) 554 1444

*Counsel for Proposed Lead Plaintiff
Government of Guam Retirement Fund and
Proposed Lead Counsel for the Class*

## <u>CERTIFICATE OF SERVICE</u>

A copy of the foregoing was filed electronically this 9th day of August, 2013.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Scott D. Simpkins*
Scott D. Simpkins