**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| CAMBRIDGE RETIREMENT SYSTEM, on Behalf of Itself and all Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>INVACARE CORPORATION, *et. al.*,<br><br>    Defendants. | Case No. 1:13-cv-1165-CAB<br><br>CLASS ACTION |

**RESPONSE TO THE COURT'S AUGUST 28, 2013 ORDER TO SHOW CAUSE**

Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") and Climaco, Wilcox, Peca, Tarantino & Garofoli Co., L.P.A. ("Climaco" or, together with Bernstein Litowitz, the "Firms") respectfully submit this response to the Court's August 28, 2013 Order to Show Cause.

I. **NO CONFLICT EXISTS DUE TO THE FIRMS' REPRESENTATION OF BOTH GUAM AND CAMBRIDGE**

On May 24, 2013, Cambridge Retirement System ("Cambridge") filed its Class Action Complaint ("Complaint") asserting federal securities claims on behalf of itself and a putative class ("Class") of investors that purchased Invacare Corporation's publicly traded common stock between July 22, 2010 and December 7, 2011 ("Class Period"). *See* Declaration of Cambridge Retirement System ("Cambridge Decl.") attached hereto as Exhibit A, ¶2. Also on May 24, 2013, in accordance with the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(A)(i), Cambridge caused publication via *Market Wire* of a notice informing members of the putative class (i) of the pendency of the action, the claims asserted therein, and the purported Class Period, and (ii) that any class member that wished to seek appointment as lead plaintiff must file a motion with the Court within sixty (60) days (*i.e.*, no later than July 23, 2013). *Id*., ¶3. Cambridge understood at the time that it filed its Complaint and published the notice that other members of the putative class had the right and opportunity to seek to be appointed as Lead Plaintiff, and if another class member was selected as the Lead Plaintiff, Cambridge would no longer be a representative party or have any active role in the litigation. *Id*.

Specifically, the PSLRA directs the Court to consider the motion made by any purported class member, "including any motion by a class member who is not individually named as a plaintiff in the complaint or complaints," and appoint a Lead Plaintiff to act as a representative party in the putative class action. 15 U.S.C. § 78u-4(a)(3)(B)(i). In particular, Congress established that the movant that demonstrates "the largest financial interest in the relief sought by the class" and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is the

1

presumptive Lead Plaintiff.[1] In addition, the PSLRA authorizes the Lead Plaintiff to select and retain counsel to act as "lead counsel" in representing all members of the putative class. 15 U.S.C. § 78u-4(a)(3)(B)(v). "Courts typically do not disturb a lead plaintiff's choice of counsel unless doing so is necessary to protect the interests of the class." *Ohio Pub. Emps Ret. Sys. v. Fannie Mae*, 357 F. Supp. 2d 1027, 1032-36 (S.D. Ohio 2005); *see also In re Cavanaugh*, 306 F.3d at 726, 733 (9th Cir. 2002) ("[T]he district court must approve the lead plaintiff's choice of counsel, but Congress gave the lead plaintiff, and not the court, the power to select a lawyer for the class.").

After the Complaint was filed and the PSLRA notice was published, but prior to the deadline to file a motion seeking appointment as Lead Plaintiff, Bernstein Litowitz informed Cambridge that the Government of Guam Retirement Fund ("Guam"), another sophisticated public pension fund, intended to seek Lead Plaintiff appointment and that Guam's financial interest in the outcome of the litigation is substantially larger than that of Cambridge. Cambridge Decl., ¶4. Cambridge then decided not to seek appointment as Lead Plaintiff or to oppose Guam's motion. *Id.*, ¶5. Additionally, Cambridge fully supports Guam's motion and its prospective leadership in the case, including its selection of Bernstein Litowitz as Lead Counsel for the Class. *Id*. Accordingly, because (1) Cambridge knew that Guam retained Bernstein Litowitz in this action and consented to that retention, and (2) Cambridge fully supports Guam's motion, there is no actual or potential conflict posed by the Firms' brief representation of both Guam and Cambridge during the initial phase of this litigation.

---

[1] 15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(a)(bb)-(cc); *see also* Senate Report No. 104-98 (June 19, 1995) at 12 ("The Committee intends to increase the likelihood that institutional investors will serve as lead plaintiffs by requiring the court to presume that the member of the purported class with the largest financial stake in the relief sought is the 'most adequate plaintiff.'").

## II. ONCE GUAM IS APPOINTED LEAD PLAINTIFF, THE INITIAL COMPLAINT IS SUPERSEDED AND CAMBRIDGE HAS NO ACTIVE ROLE AS A PARTY REQUIRING REPRESENTATION IN THIS ACTION

Guam has established that it has the largest financial interest in the outcome of the litigation and is otherwise adequate to serve as Lead Plaintiff, and its motion for appointment as Lead Plaintiff is unopposed. Pursuant to the PSLRA, Guam is, therefore, the presumptive Lead Plaintiff. Once the Court appoints Guam as the Lead Plaintiff, Cambridge is no longer a named party in this litigation, its Complaint is subsumed and will be superseded by an amended complaint, and Cambridge has no need for representation by the Firms as a named party in this matter. Specifically, Guam has indicated that, if appointed Lead Plaintiff and subject to Court approval of the proposed schedule, Guam intends to file an amended complaint within seventy-five (75) days after being appointed Lead Plaintiff. *See* ECF No. 16 at 3.

Cambridge recognizes that Guam has a larger financial interest in the litigation, is otherwise an adequate and typical class representative under Rule 23, and, indeed, is exactly the type of sophisticated, experienced institutional investor envisioned by Congress in enacting the lead plaintiff requirements of the PSLRA. Cambridge Decl., ¶4; *see also, e.g.*, *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 306 (S.D. Ohio 2005) (noting the PSLRA's "expressed preference" for such lead plaintiffs). Additionally, Cambridge fully supports Guam's prospective leadership in this action and its selection of counsel, and understands that if the Court appoints Guam as Lead Plaintiff, Cambridge will have no active role in the litigation. Cambridge Decl., ¶5. When it decided to defer to Guam and not seek to oppose Guam's motion or to serve in any representative capacity in this action going forward, Cambridge effectively determined to remove itself as a named party from this litigation and end its need for representation by the Firms as such in this action. Accordingly, Cambridge's affirmative decision not to seek appointment as Lead Plaintiff effectively terminated the need for any representation of Cambridge by the Firms in this action and Cambridge

3

becomes an absent Class member. For that reason, if Guam is appointed Lead Plaintiff, by virtue of Cambridge's decision, the Firms will not be continuing to represent both Guam and Cambridge as named plaintiffs in this action.

Moreover, Guam's interests are perfectly aligned with the interests of all absent Class members including Cambridge, and there are no facts to suggest any actual or potential conflict of interest or other antagonism among them. As in other PSLRA cases, Guam "seeks to represent a class of purchasers of securities who have non-competing and non-conflicting interests." *In re Goodyear Tire & Rubber Co. Sec. Litig.*, 2004 WL 3314943, at *6 (N.D. Ohio May 12, 2004). Like all other Class members (including Cambridge), Guam: (1) purchased Invacare common stock during the Class Period; (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) was damaged thereby." *See, e.g.*, *Fannie Mae*, 357 F. Supp. 2d at 1034 (appointing two Lead Plaintiffs and approving their selection of Lead Counsel where "Plaintiffs' claims are typical of the putative class' claims, their interests are not antagonistic to the class, and their chosen counsel are duly qualified and competent"); *Goodyear*, 2004 WL 3314943, at *6 ("As Capital Invest aptly notes, its claims deal with the same issues that pertain to the claims of the other class members" and thus "its interests are clearly aligned with those of the class"). In addition, Guam's substantial financial stake in the litigation provides the ability and incentive to vigorously represent the claims of Cambridge and all other Class members. *See, e.g.*, *Cardinal Health*, 226 F.R.D. at 305-06.

Similarly, there is no reason to believe that the Firms' brief representation of both Guam and Cambridge during the initial phase of this litigation prior to the Lead Plaintiff appointment will in any way "materially limit" the Firms' ability to fully satisfy all professional responsibilities to Guam and the Class as a whole. *See* Ohio Rule of Prof. Conduct 1.7(a)(1) (providing that a conflict of interest arises when a lawyer represents co-plaintiffs in litigation and "there is a *substantial* risk

4

that the lawyer's ability to consider, recommend, or carry out an appropriate course of action for [one] client will be materially limited by the lawyer's responsibilities to another client") (emphasis in original). Where, as here, both clients seek to pursue identical claims against defendants, "[t]here is no conflict of interest that prevents [the court-appointed lead plaintiff] from representing [another candidate's] interest." *Roth v. Knight Trading Grp., Inc.*, 228. F. Supp. 2d. 524, 530-31 (D. N.J. 2002).

Furthermore, although Cambridge elected not to seek lead plaintiff appointment, courts regularly appoint Lead Counsel that represent multiple plaintiffs in the litigation − even competing Lead Plaintiff candidates. *See, e.g.*, *Grodko v. Cent. European Distrib. Corp.*, 2012 WL 6595931, at *9-10 (D.N.J. Dec. 17, 2012) (approving Lead Counsel that represented both a named plaintiff and a prospective Lead Plaintiff and noting absence of "any legal authority supporting [the] contention that counsel in a securities class action are necessarily behaving unethically when they represent multiple plaintiffs"). Indeed, the Firms have previously represented co-plaintiffs in PSLRA cases and obtained exceptional results for their clients and the respective investor classes. *See, e.g.*, *In Re Bank of Am. Corp. Sec., Deriv. and Emp. Ret. Income Sec. Act (ERISA) Litigation*, No. 09-MDL-2058 (S.D.N.Y.) ($2.4 billion recovery in which Bernstein Litowitz represented, among others, Lead Plaintiffs the Ohio Public Employee Retirement System, State Teachers Retirement System of Ohio, and Teacher Retirement System of Texas).

## **CONCLUSION**

For the foregoing reasons, the Firms respectfully submit that there is no conflict of interest due to the Firm's brief representation of both Cambridge and Guam during the initial phase of this litigation prior to the Lead Plaintiff appointment. Moreover, as a result of Cambridge's decision to defer to Guam and not seek to continue acting as a representative party, if Guam is appointed Lead

Plaintiff, Cambridge is no longer a named party to the litigation and has no further need for representation as such in this matter.

Dated: September 5, 2013          Respectfully submitted,

        /s/ Benjamin Galdston
BENJAMIN GALDSTON
BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP
Blair A. Nicholas (admitted *Pro Hac Vice*)
Benjamin Galdston (admitted *Pro Hac Vice*)
David R. Kaplan (admitted *Pro Hac Vice*)
12481 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: (858) 793-0070
Facsimile: (858) 793-0323
-and-
Gerald H. Silk (admitted *Pro Hac Vice*)
Avi Josefson (admitted *Pro Hac Vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 554 1400
Facsimile: (212) 554 1444

*Counsel for Proposed Lead Plaintiff Government of Guam Retirement Fund and Plaintiff Cambridge Retirement System, and Proposed Lead Counsel for the Class*

CLIMACO, WILCOX, PECA, TARANTINO &
  GAROFOLI CO., L.P.A.
Scott D. Simpkins (0066775)
sdsimp@climacolaw.com
55 Public Square, Suite 1950
Cleveland, Ohio 44113
Telephone: (216) 621-8484
Facsimile: (216) 771-1632

*Local Counsel for Proposed Lead Plaintiff Government of Guam Retirement Fund and Plaintiff Cambridge Retirement System*

**CERTIFICATE OF SERVICE**

A copy of the foregoing was filed electronically this 5th day of September, 2013. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>*/s/ Benjamin Galdston*
>Benjamin Galdston