**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| CAMBRIDGE RETIREMENT SYSTEM, on Behalf of Itself and all Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>INVACARE CORPORATION, *et. al.*,<br><br>　　　　　Defendants. | Case No. 1:13-cv-1165-CAB<br><br>CLASS ACTION |

**JOINT REPORT OF PARTIES' PLANNING MEETING
UNDER FED. R. CIV. P. 26(f) AND L.R. 16.3(b)**

Proposed Lead Plaintiff, the Government of Guam Retirement Fund ("Guam"), together with defendants Invacare Corporation ("Invacare"), Gerald B. Blouch, A. Malachi Mixon, III, and Robert K. Gudbranson (collectively, "Defendants" and, together with Guam, the "Parties"), by and through their undersigned counsel and pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Rule 16.3(b) of the Local Rules for the United States District Court for the Northern District of Ohio, and the Court's Notice of Case Management Conference and August 30, 2013 Order ("August 30, 2013 Order"), hereby jointly and respectfully submit this Joint Report of the Parties' Planning Meeting in anticipation of the Case Management Conference scheduled for October 7, 2013, at 2:00 p.m.  The Parties met and conferred telephonically to discuss the matters set forth herein on September 25, 2013.

### I. Preliminary Statement

#### a. Plaintiffs

Proposed Lead Plaintiff Guam is a defined benefit plan, established in 1951, serving government employees and their spouses and minor children.  Guam is a sophisticated institutional investor that sustained losses of approximately $177,000 from its transactions in Invacare stock during the putative class period of July 22, 2010 and December 7, 2011, inclusive.

On July 23, 2013, Guam filed its motion for appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4 ("Lead Plaintiff Motion") [ECF No. 8].  On August 9, 2013, the only other lead plaintiff movant, Local 731 I.B. of T. Excavators and Pavers Pension Trust Fund, Private Scavenger and Garage Attendants Pension Trust Fund and Textile Maintenance and Laundry Craft Pension Fund ("Local 731 Funds"), filed its response to Guam's Lead Plaintiff Motion, conceding that Guam maintains the largest financial interest in the outcome of this litigation and, therefore, Guam is the "presumptive" lead plaintiff pursuant to the PSLRA.  *See* ECF No. 12.  On August 19, 2013, Guam filed its reply in further support of its Lead Plaintiff Motion [ECF No. 13].

Accordingly, Guam's Lead Plaintiff Motion is unopposed and *sub judice*. Furthermore, pursuant to the PSLRA, all discovery is stayed until a Lead Plaintiff is appointed, the Lead Plaintiff has had an opportunity to file an amended complaint, Defendants have filed motions to dismiss (or answered) the amended complaint, and the Court has ruled on the sufficiency of the allegations of the amended complaint.  *See* 15 U.S.C. § 78u-4(a)(3)(B).  For these reasons, Guam respectfully submits that until the Court issues a ruling on its Lead Plaintiff Motion, including Guam's selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Lead Counsel for the prospective class, the scope of matters that can properly be addressed at the October 7, 2013 Case Management Conference is limited.  As set forth below, however, Guam believes that such matters should include, for example, a schedule for the appointment of a Lead Plaintiff, the filing of an amended complaint, and a briefing schedule concerning Defendants' anticipated motions to dismiss.

      **b.  Defendants**

Defendants concede nothing regarding the alleged losses, but do agree regarding discovery being stayed and on the need for scheduling as set forth herein.

      **II.      Matters Addressed Pursuant To August 30, 2013 Order**

The Parties address below, in turn, each of the matters included in the form Report of Parties' Planning Meeting, attached to the Court's July 30, 2013 Case Management Order.

      1.      Pursuant to Fed. R. Civ. P. 26(f) and L.R. 16.3(b), a telephonic meeting was held on September 25, 2013, and was attended by Benjamin Galdston, Esq. and David R. Kaplan, Esq., counsel for Guam, and Mitchell G. Blair, Esq., and Fritz E. Berckmueller, Esq., counsel for Defendants.

      2.      The Parties have not been required to make initial disclosures.  This case is governed by the PSLRA, which provides for a discovery stay pending resolution of any motion to dismiss.  *See* 15 U.S.C. § 78u-4(a)(3)(B).

      3.      The Parties recommend the following track: complex.

      4.      This case is suitable for electronic filing.

5. This case is not suitable for Alternative Dispute Resolution (ADR) mechanisms at this time.

6. The Parties do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) with respect to dispositive motions and trial.

7-9. Recommended Discovery Plan, dispositive motion date, and cut-off date for amending the pleadings and/or adding additional parties:

a. As discussed above, pursuant to the PSLRA, Guam seeks appointment as Lead Plaintiff and approval of its selection of Bernstein Litowitz as Lead Counsel for the prospective class. ECF No. 8. Guam's Lead Plaintiff Motion is unopposed. It is undisputed that Guam has the largest financial interest in this litigation of all the movants and otherwise satisfies the requirements of Fed. R. Civ. P. 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). Indeed, the only competing movant to Guam has acknowledged that Guam is the presumptive Lead Plaintiff. *See* ECF No. 12. In addition, Guam's counsel at Bernstein Litowitz and Climaco, Wilcox, Peca, Tarantino & Garofoli Co., L.P.A. ("Climaco" and, together with Bernstein Litowitz, the "Firms"), have submitted a detailed response to the Court's August 28, 2013 Order to Show Cause ("Show Cause Order").

b. Should the Court grant Guam's Lead Plaintiff Motion, Guam intends to file an amended class action complaint pursuant to Fed. R. Civ. P. 15(a). The Parties, through their attorneys, have reached an agreement as to a schedule for the filing of an amended complaint and for Defendants' response to the amended complaint. Subject to the Court's approval, the Parties jointly and respectfully request that the Court approve the following schedule:

| **Event** | **Due Date** |
|---|---|
| Amended Complaint | 60 days after entry of Lead Plaintiff Order |
| Motion to Dismiss | 45 days after filing of Amended Complaint |

| **Event** | **Due Date** |
|---|---|
| Opposition to Motion to Dismiss | 45 days after filing of Motion to Dismiss |
| Reply in support of Motion to Dismiss | 21 days after filing of Opposition to Motion to Dismiss |

        c.      Because the PSLRA stays discovery "during the pendency of any motion to dismiss," 15 U.S.C. § 78u-4(a)(3)(B), and because Defendants intend to file a motion or motions to dismiss the amended complaint, the Parties agree that it is premature to recommend a discovery plan.

        d.      If this Court denies, in part or in whole, any motion(s) to dismiss filed by Defendants, the Parties will meet and confer within fourteen (14) days after the entry of such Order

and file a joint recommended discovery plan within twenty-one (21) days of the entry of such Order. At that time, the Parties also will submit a recommended dispositive motion date and cut-off date for amending the pleadings and/or adding additional parties.

        e.      For the Court's convenience, a proposed scheduling order is attached hereto.

        10.      Recommended date for a Status Hearing: thirty (30) days after the entry of the Court's Order ruling on any motion(s) to dismiss filed by Defendants.

        11.      Other matters for the attention of the Court: (1) determination of Guam's Lead Plaintiff Motion [ECF No. 8]; (2) resolution of the Court's Show Cause Order; and (3) caption/consolidation – the Parties agree that the action be identified under the caption *In re Invacare Corp. Securities Litigation*, No. 1:13-cv-1165-CAB, and any related class action brought under the federal securities laws and filed hereafter shall be consolidated with this action pursuant to Fed. R. Civ. P. 42(a).

Dated: September 30, 2013                      Respectfully submitted,

                                                      */s/ Benjamin Galdston*
                                                      Benjamin Galdston

**BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP**
Blair A. Nicholas (admitted *Pro Hac Vice*)
Benjamin Galdston (admitted *Pro Hac Vice*)
David R. Kaplan (admitted *Pro Hac Vice*)
12481 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: (858) 793-0070
Facsimile: (858) 793-0323
  -and-
Gerald H. Silk (admitted *Pro Hac Vice*)
Avi Josefson (admitted *Pro Hac Vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 554 1400
Facsimile: (212) 554 1444

*Counsel for Proposed Lead Plaintiff
Government of Guam Retirement Fund and
Proposed Lead Counsel for the Class*


**CLIMACO, WILCOX, PECA,
   TARANTINO & GAROFOLI CO., L.P.A.**
John R. Climaco (0011456)
Scott D. Simpkins (0066775)
55 Public Square, Suite 1950
Cleveland, Ohio 44113
Telephone: (216) 621-8484
Facsimile: (216) 771-1632

*Local Counsel for Proposed Lead Plaintiff
Government of Guam Retirement Fund*


*/s/ Fritz E. Berckmueller*
Fritz E. Berckmueller

**CALFEE, HALTER & GRISWOLD LLP**
Mitchell G. Blair
Fritz E. Berckmueller
Eric S. Zell
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114
Telephone: (216) 622-8671

6

        Facsimile: (216) 241-0816
        *Counsel for Defendants Invacare Corporation,*
        *Gerald B. Blouch, A. Malachi Mixon, III, and*
        *Robert K. Gudbranson*

**[PROPOSED] ORDER**

Having considered the Joint Report of Parties' Planning Meeting, the Court hereby orders as follows:

1. This action shall be captioned *In re Invacare Corp. Securities Litigation*, Case No. 1:13-cv-1165-CAB, and any related class action brought under the federal securities laws and filed hereafter shall be consolidated with this action pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

2. Lead Plaintiff's amended complaint shall be filed no later than sixty (60) days after entry of the Court's Order appointing Lead Plaintiff and approving its selection of Lead Counsel for the Class (the "Lead Plaintiff Order");

3. Defendants shall answer, move or otherwise respond to Lead Plaintiff's amended complaint no later than forty-five (45) days after filing of the amended complaint;

4. Lead Plaintiff shall file its opposition to any motion to dismiss the amended complaint no later than forty-five (45) days after such motion to dismiss is filed;

5. Defendants shall file any reply brief to Lead Plaintiff's opposition no later than twenty-one (21) days after such opposition is filed;

6. The Court shall hear oral argument on any motion to dismiss the amended complaint pursuant to the local rules, or at a date and time at the Court's next earliest convenience; and

7. If the Court denies, in part or in whole, any motion(s) to dismiss filed by Defendants, the Parties will meet and confer within fourteen (14) days after the entry of such Order and file a joint recommended discovery plan within twenty-one (21) days of the entry of

such Order. At that time, the Parties also will submit a recommended dispositive motion date and cut-off date for amending the pleadings and/or adding additional parties.

**IT IS SO ORDERED**

Dated: _____        _____
                                Honorable Christopher A. Boyko
                                United States District Judge

## **CERTIFICATE OF SERVICE**

A copy of the foregoing was filed electronically this 30th day of September, 2013. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/Benjamin Galdston*