UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CAMBRIDGE RETIREMENT SYSTEM, etc.,** | ) ) | **CASE NO. 1:13CV1165** |
| Plaintiff, | ) ) | **JUDGE CHRISTOPHER A. BOYKO** |
| vs. | ) ) | **ORDER** |
| **INVACARE CORPORATION, et al.,** | ) ) ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #8) of the Government of Guam Retirement Fund for Appointment as Lead Plaintiff and Approval of Selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Lead Counsel; and the Motion (ECF DKT #9) of Local 731 Funds for Appointment as Lead Plaintiff and Approval of Selection of Counsel.  Also, before the Court is the Response (ECF DKT #27) to the Court's August 28, 2013 Order to Show Cause, directed to Bernstein Litowitz and Climaco, Wilcox, Peca, Tarantino & Garofoli ("Climaco"), whether or not a

conflict of interest exists due to counsel's representation of both the named Plaintiff, Cambridge, and the proposed Lead Plaintiff, Guam; and under what circumstances counsel can continue to represent both, while fairly and adequately protecting the clients' and the class's interests in this matter.

**<u>Appointment of Lead Plaintiff</u>**

The instant Complaint was filed on May 24, 2013, on behalf of Plaintiff, Cambridge Retirement System ("Cambridge"), pursuant to the Private Securities Litigation Reform Act ("PSLRA") of 1995.  Specifically, the Complaint alleges that Cambridge is a willing and adequate party to serve as the lead plaintiff and representative party on behalf of the proposed class in the federal securities litigation against Invacare.  (Certification, ECF DKT #1-1).

On July 23, 2013, a Motion (ECF DKT #8) was filed by the Government of Guam Retirement Fund ("Guam") for Appointment as Lead Plaintiff.  The Motion is accompanied by a Certification that Guam is a willing and adequate party to serve as the lead plaintiff and representative party on behalf of the proposed class in the federal securities litigation against Invacare.  (ECF DKT #8-4).

Similarly, on July 23, 2013, a Motion (ECF DKT #9) was filed by Local 731 I.B. of T. Excavators and Pavers Pension Trust Fund, Private Scavenger and Garage Attendants Pension Trust Fund and Textile Maintenance and Laundry Craft Pension Fund ("Local 731 Funds") for Appointment as Lead Plaintiff.  However, on August 9, 2013, the Local 731 Funds filed their Response to the Motions for Appointment as Lead Plaintiff, and recognized that the other movant, Guam, has a larger financial interest in the relief sought by the class against Invacare.  (ECF DKT #12).

Upon consideration of these Motions and supporting briefs, and pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B), the Court determines that Guam has the largest financial interest in the relief sought by the proposed class against Invacare; and that Guam otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, particularly typicality and adequacy.  Therefore, the Court appoints the Government of Guam Retirement Fund as Lead Plaintiff.

**Appointment of Lead Counsel**

The Court has carefully considered the Declaration (ECF DKT #27-1) of Ellen K. Philbin, Executive Director of Cambridge Retirement System.  The Court accepts the assertions that Cambridge "understood when it filed the Complaint that other members of the Class might seek to be appointed as Lead Plaintiff and that if a class member other than Cambridge was appointed Lead Plaintiff, Cambridge would not have an active role in the litigation;" that "Cambridge learned through its counsel, Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz"), that the Government of Guam Retirement Fund ("Guam"), another public pension fund also represented by Bernstein Litowitz, intended to seek appointment as the Lead Plaintiff and to select Bernstein Litowitz as proposed Lead Counsel to represent the Class;" that "Guam's financial interest in this case is substantially larger than Cambridge's financial interest in the case;" and that "Cambridge fully supports Guam's motion and understands that if Guam is appointed Lead Plaintiff, Cambridge will have no role in the prosecution of the case other than as a passive Class member.  Cambridge also fully supports Guam's selection of Bernstein Litowitz as Lead Counsel to represent Guam and the Class, including Cambridge."  *Id.* at ¶¶ 4-5.

Therefore, the Court is satisfied that Cambridge was informed of the particulars of this litigation, and has waived any conflict of interest appearing to arise by its counsel's representation of both Cambridge and Guam. Pursuant to 15 U.S.C. § 78u-4(a)(3)(B), the law firm of Bernstein Litowitz Berger & Grossmann LLP is approved as Lead Counsel for the Class.

Parties and counsel are reminded that the Court holds a fiduciary role with respect to the potential Class. Consequently, the Court will carefully monitor how Lead Counsel conducts this litigation, and will scrutinize any fees and expenses presented for its approval. Moreover, Lead Counsel shall remain vigilant in fulfilling its attorney-client obligations, and mindful of the duties imposed by Rule 1.7 of the Rules of Professional Conduct, particularly regarding dual representation.

Because the Cambridge Declaration (ECF DKT #27-1), submitted in response to the Court's Show Cause Order, makes no mention of the Climaco law firm, the Court will not issue a decision on the appointment of local counsel for Lead Plaintiff, Guam.

**Scheduling Order:**

1. Lead Plaintiff shall file its Amended Complaint within fourteen (14) days of the entry of this Order, substituting the Government of Guam Retirement Fund as Plaintiff;

2. The Court will consider consolidation of any related class action, brought under the federal securities laws, only upon the filing of a proper Fed.R.Civ.P. 42 motion;

3. Defendants shall answer, move or otherwise respond to Lead Plaintiff's Amended Complaint no later than thirty (30) days after filing of the amended pleading;

    4.  If Defendants move to dismiss the Amended Complaint, Lead Plaintiff shall file its Opposition Brief within thirty (30) days;

    5.  Defendants shall file their Reply within fourteen (14) days; and

    6.  In light of this schedule, the Case Management Conference, set for October 7, 2013, is continued pending further order of the Court.

**IT IS SO ORDERED.**

                            **s/ Christopher A. Boyko**
                            **CHRISTOPHER A. BOYKO**
                            **United States District Judge**

**Dated:  October 1, 2013**