UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GOVERNMENT OF GUAM RETIREMENT FUND, on Behalf of Itself and all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>INVACARE CORPORATION, *et. al.*,<br><br>Defendants. | Case No. 1:13-cv-1165-CAB<br><br>CLASS ACTION |

**LEAD PLAINTIFF'S RESPONSE TO
DEFENDANTS' NOTICE OF RECENT AUTHORITY**

The Sixth Circuit's recent decision in *Kuyat v. BioMimetic Therapeutics, Inc.*, No. 13-5602, 2014 U.S. App. Dist. LEXIS 5738 (6th Cir. March 28, 2014) ("*BioMimetic*"), is off-point and provides no support for Defendants' motion to dismiss.

In *BioMimetic*, plaintiffs alleged that a biotech company misled investors by issuing "rosy assessments" of the prospects for FDA-approval of a new medical device that the defendant company wanted to bring to market. According to the plaintiffs, the FDA had privately communicated that it expected the company to obtain statistically significant results in clinical trials involving one population in order to obtain approval for the device, but that the company publicly characterized those results as less important than the company's analysis of a different population. *Id.* at *14. The district court dismissed plaintiffs' claims for failing to plead a strong inference of scienter, reasoning that defendants had a genuine basis for their

1

representations to investors because the FDA had issued a letter *approving* of the company's proposal to use its preferred population in the clinical trials. *Id.* The Sixth Circuit affirmed, agreeing with the district court's reasoning and noting that subsequent letters by the FDA were "ambiguous" regarding which population the FDA wanted the company to rely on. The Sixth Circuit further concluded that the company "fully disclosed the results of the study and told investors that the FDA wanted to see analysis of both [] populations." *Id.* at *17-18, 20.[1]

Here, Defendants' fraud has nothing to do with "ambiguous" letters from the FDA or "rosy assessments" about prospects for FDA-approval of a new product. Instead, the Complaint (and the FDA itself) alleges a 15-year history of clear, unambiguous FDA citations for ***recurring, serious, and systemic violations*** of the Federal Food, Drug, and Cosmetic Act ("FDCA") and its implementing regulations at Invacare. Moreover, unlike *BioMimetic*, here Defendants' scienter is made abundantly clear by the FDA's own Complaint For Permanent Injunction, which recounted the results of dozens of inspections at Invacare between 2002 and 2010, and confirms that Defendants were "***well aware*** that their practices violate[d] the [FDCA]" because the FDA "***repeatedly warned Defendants, both orally and in writing, about their violative conduct***." ¶246, Ex. 6. Significantly, many of the FDA's citations were for recurring violations of the same provisions concerning the same misconduct, which Defendants consistently ignored and refused to correct.

---

[1] In addition, the Sixth Circuit found that several additional factors supported the company's optimistic statements – ***factors that are absent from this action*** – including: (i) the FDA's prior approval of other devices based on similar analysis as the one preferred by the company; (ii) the company had already obtained regulatory approval for the device in both Canada and Australia; (iii) the company had previously succeeded in obtaining approval for a similar product; and (iv) an FDA advisory panel of experts subsequently "vindicated BioMimetic's optimism by voting to recommend that the FDA approve the device." *Id.* at *23.

Dated: April 4, 2014				Respectfully submitted,

    */s/ Benjamin Galdston*

**BERNSTEIN LITOWITZ BERGER
  &amp; GROSSMANN LLP**
Blair A. Nicholas (admitted *Pro Hac Vice*)
Benjamin Galdston (admitted *Pro Hac Vice*)
David R. Kaplan (admitted *Pro Hac Vice*)
12481 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: (858) 793-0070
Facsimile:  (858) 793-0323
  -and-
Gerald H. Silk (admitted *Pro Hac Vice*)
Avi Josefson (admitted *Pro Hac Vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 554 1400
Facsimile:  (212) 554 1444

*Counsel for Lead Plaintiff Government of Guam Retirement Fund and the Class*

**CLIMACO, WILCOX, PECA,
  TARANTINO & GAROFOLI CO., LPA**
John R. Climaco (0011456)
Scott D. Simpkins (0066775)
55 Public Square, Suite 1950
Cleveland, Ohio 44113
Telephone: (216) 621-8484
Facsimile: (216) 771-1632

*Local Counsel for Lead Plaintiff Government of Guam Retirement Fund*

**CERTIFICATE OF SERVICE**

A copy of the foregoing was filed electronically this 4th day of April, 2014. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Benjamin Galdston*