IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GOVERNMENT OF GUAM RETIREMENT FUND, on behalf of itself and all others similarly situated, | ) ) ) ) | CASE NO. 1:13-cv-1165 JUDGE CHRISTOPHER A. BOYKO |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | **DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF RECENT AUTHORITY** |
| INVACARE CORPORATION, *et al.*, | ) ) | |
| Defendants. | ) | |

Defendants, Invacare Corporation, Gerald B. Blouch, and A. Malachi Mixon, III (collectively, "Defendants"), respectfully provide the Court with their response to the *Notice of Recent Authority in Further Support of Lead Plaintiff's Opposition to Defendants' Motion to Dismiss* filed by Lead Plaintiff on April 23, 2014.  The decision in *Denis Mulligan v. Impax Labs., Inc., et al.*, No. C-13-1037 EMC (N.D. Cal. April 18, 2014) ("*Impax*") has no impact on Defendants' Motion to Dismiss, as the court in *Impax* undertook no analysis of key legal points highlighted in Defendants' brief and, more importantly, relied on extreme statements by executives from Impax Labs, Inc. wholly absent in this case.

The true parallel between the *Impax* case and the case at hand is found in the statements that the court in *Impax* found to be ***inactionable***.  Specifically, the court found that statements such as "[W]e're very confident that we'll be able to deal with all of the issues we face and

{02486738.DOCX;3}

resolve this current report as quickly as possible" and "While we don't know the exact the timing on that, but [sic] we have a real confidence that we will get the issue resolved" to be either non-actionable opinion or mere puffery.  *See Impax* at 29, fn 2.  These types of statements are exactly the kinds of statements put at issue by Lead Plaintiff in this case, and only serve as further proof that Defendants here cannot be liable for the inactionable opinions or corporate puffery they are alleged to have made. *See* e.g. Motion to Dismiss at 12-13,

Moreover, the statements that the *Impax* court found to contain factual representations at their core, and thus actionable, are substantially different than the statements allegedly made by Defendants here.  For instance, the *Impax* defendants stated that "Many commitments in our responses are nearing completion as a result of our work since we received the Form 4[8]3 . . . ." *Impax* at 30.  The court in *Impax* also highlighted other blatantly erroneously statements made by defendants, including assurances that subsequent FDA warnings were unrelated to the prior incidents (*id*. at 31) and broad statements regarding the FDA's purported approval of Impax's manufacturing processes (*id*. at 21).  Lead Plaintiff has never alleged that Defendants made any statements similar to these.  Again, Defendants' alleged statements here are focused on representations that the responses to the FDA are ongoing or a work in process, which are classic examples of demonstrably inactionable opinions."

Furthermore, the *Impax* court undertook no examination of key legal points, including the difference between "hard" and "soft" information and the approach taken to statements of legal compliance, both heavily examined in Sixth Circuit precedent and in Defendants' briefs.  *See* Motion to Dismiss at 13-17.  Thus, the *Impax* court failed to examine whether there was any contemporaneous knowledge of falsity, a defining point here as to nearly all of Defendants' alleged statements. *See* id. at 9-11.

Accordingly, the *Impax* case is not on point, either factually or legally, and the Court should not rely on it in ruling on Defendants' Motion to Dismiss.

Respectfully Submitted,

*/s/ Fritz E. Berckmueller*
MITCHELL G. BLAIR (0010892)
FRITZ E. BERCKMUELLER (0081530)
ERIC S. ZELL (0084318)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114
Telephone:  (216) 622-8200
Fax:  (216) 241-0816
*mblair@calfee.com*
*fberckmueller@calfee.com*
*ezell@calfee.com*

*Attorneys for Defendants, Invacare Corporation, Gerald B. Blouch, and A. Malachi Mixon, III*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically on April 29, 2014.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ Fritz E. Berckmueller
One of the Attorneys for Defendants, Invacare
Corporation, Gerald B. Blouch, and A. Malachi
Mixon, III