UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DISTRICT

GOVERNMENT OF GUAM
RETIREMENT FUND, *et al.,*

        Plaintiff,

    vs.

INVACARE CORPORATION, *et al*.,

        Defendants.

Case No. 1:13CV1165

JUDGE CHRISTOPHER A. BOYKO

**LEAD PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO COMPEL
<u>INITIAL DISCLOSURES AND DISCOVERY FROM DEFENDANTS</u>**

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ........................................................................................ ii

INTRODUCTION ....................................................................................................... 1

FACTUAL BACKGROUND ...................................................................................... 4

LEGAL STANDARDS ............................................................................................... 7

ARGUMENT .............................................................................................................. 8

     A.     Defendants Should Be Compelled To Make Initial Disclosures
          Under Rule 26(a) ...................................................................................... 8

     B.     Neither The PSLRA Nor Any Court Order Authorizes Defendants'
          Unilaterally-Imposed Discovery Stay ..................................................... 9

     C.     Defendants Should Be Compelled To Respond To Lead Plaintiff's
          Discovery, Particularly As Defendants' Strategy To Seek
          "Bifurcated" Discovery Lacks Merit And Will Cause
          Inefficiencies, Delay, And Burden For The Court And The Parties .................... 12

CONCLUSION ........................................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*Anti-Monopoly, Inc. v. Hasbro, Inc.*,
No. 94 Civ. 2120, 1996 WL 101277 (S.D.N.Y. Mar. 7, 1996) ...............................11

*Automated Merch. Sys. v. Crane Co.*,
Nos. 03-CV-88, 08-CV-97, 04-CV-80, 04-CV-75, 04-CV-48, 2011 WL
2471892 (N.D. W. Va. June 21, 2011) ......................................................................2

*Basic Inc. v. Levinson*,
485 U.S. 224 (1988)...................................................................................................15

*Belk, Inc. v. Meyer Corp.*,
No. 07-CV-168, 2008 WL 2704792 (W.D.N.C. July 7, 2008)................................12

*Carver v. Velocity Express Corp.*,
No. 07 CV 407, 2008 WL 2079819 (W.D.N.C. May 15, 2008)...............................12

*Central Transport International, Inc. v. General Electric Co.*,
No. 08CV136, 2008 WL 4457707 (W.D. N.C. Sept. 30, 2008).........................12, 14

*Classen Immunotherapies, Inc. v. King Pharms., Inc.*,
403 F. Supp. 2d 451 (D. Md. 2005) .........................................................................12

*Cooper v. Niagara Comm. Action Prog.*,
2009 WL 104261 (W.D.N.Y. Jan. 14, 2009)..............................................................9

*In re FirstEnergy Corp. Sec. Litig.*,
229 F.R.D. 541 (N.D. Ohio 2004) ..............................................................................9

*In re Global Crossing, Ltd. Sec. Litig.*,
322 F. Supp. 2d. 319 (S.D.N.Y. 2004).....................................................................10

*Gov't of Guam Ret. Fund v. Invacare Corp.*,
No. 13-CV-1165, 2014 WL 4064256 (N.D. Ohio Aug. 18, 2014)...........................5

*Gray v. First Winthrop Corp.*,
133 F.R.D. 39 (N.D. Cal. 1990).................................................................................13

*In re Hamilton Bancorp, Inc. Sec. Litig.*,
2002 WL 463314 (S.D. Fla. Jan. 14, 2002) .............................................................13

*Hessenthaler v. Advantage Counseling Servs., Inc.*,
No. 07-CV-107 (CDL), 2008 WL 4613548 (M.D. Ga. Oct. 15, 2008)....................9

*Honor Plastics Indus. Co. v. Lollicup USA, Inc.*,
   No. 06-cv-0707, 2007 WL 173772 (E.D. Cal. Jan. 19, 2007) ................................................9

*In re Hydrogen Peroxide Antitrust Litig.*,
   552 F.3d 305 (3d Cir. 2009) ................................................................................................13

*Lapin v. Goldman Sachs & Co.*,
   254 F.R.D. 168 (S.D.N.Y. 2008) ..........................................................................................15

*Latham v. Stein*,
   No. 08-2995, 2010 WL 3294722 (D. S.C. Aug. 20, 2010) ...................................................10

*In re Lernout & Hauspie Sec. Litig.*,
   214 F. Supp. 2d 100 (D. Mass. 2002) ...................................................................................10

*Maness v. Meyers*,
   419 U.S. 449 (1975) ...............................................................................................................2

*Nabi Biopharms. v. Roxane Labs., Inc.*,
   No. 2:05-cv-0889, 2006 WL 3007430 (S.D. Ohio Oct. 20, 2006) ........................................11

*New England Carpenters Health & Welfare Fund v. Abbott Labs.*,
   No. 12 C 1662, 2013 WL 690613 (N.D. Ill. Feb. 20, 2013) .................................................14

*In re Plastics Additives Antitrust Litig.*,
   No. 03-2038, 2004 WL 2743591 (E.D. Pa. Nov. 29, 2004) ......................................12, 13, 14

*In re Saloman Analyst Litigation*,
   373 F. Supp. 2d 252 (S.D.N.Y. 2005)..............................................................................10, 11

*In re Semgroup Energy Partners, L.P., Sec. Litig.*,
   No. 08-MD-1989, 2010 WL 5376262 (N.D. Okla. Dec. 21, 2010).......................................14

*Stambler v. Amazon.com, Inc.*,
   No. 09-CV-310, 2011 WL 10538668 (E.D. Tex. May 23, 2011).............................................2

*In re Sulfuric Acid Antitrust Litig.*,
   MDL No. 1561, No. 03 C 4576 (N.D. Ill. 2003) ..................................................................13

*Wal–Mart Stores, Inc. v. Dukes*,
   131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) ..........................................................................14

## STATUTES, RULES & REGULATIONS

15 U.S.C. § 78u-4(b)(3)(B) ..............................................................................................5, 8, 9

Federal Rules of Civil Procedure

Rule 1 .................................................................................................................13
Rule 16 ..........................................................................................................4, 12
Rule 23, *et seq.*............................................................................................12, 14
Rule 26, *et seq.*............................................................................................ passim
Rule 37(a), *et seq.* ......................................................................................1, 8, 15

## OTHER AUTHORITIES

MANUAL FOR COMPLEX LITIGATION § 21.14...............................................................12

## INTRODUCTION

Lead Plaintiff respectfully requests that the Court compel Defendants to provide their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) within five days and respond to Lead Plaintiff's properly-served written discovery by November 13, 2014, pursuant to Rule 37(a).[1]

Discovery, albeit entirely one-sided, is well under way in this case.  Lead Plaintiff has made initial and supplemental disclosures pursuant to Rule 26(a)(1), made an initial production of approximately 1,500 documents to Defendants, served written discovery on Defendants with a return date of November 13, 2014, served non-party document subpoenas, and noticed fact-witness depositions to commence on November 19, 2014.  By comparison, Defendants refuse to provide even their initial disclosures or cooperate in any discovery.  Defendants' obstructionist conduct violates the Court's prior orders, the Federal and Local Rules, and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and should not be condoned.

Defendants contend that their recently-filed motion for judgment on the pleadings or in the alternative, reconsideration of the Court's August 18 Order [ECF Nos. 55, 55-1] authorizes them to supplant the Court's authority and unilaterally impose a *de facto* discovery stay.[2] Defendants further argue that, "[w]hether the court analyzes this Motion as one for judgment on

---

[1] Lead Plaintiff, the Government of Guam Retirement Fund ("Guam" or Lead Plaintiff"), served written discovery upon defendants Invacare Corporation ("Invacare" or the "Company"), Gerald B. Blouch ("Blouch"), and A. Malachi Mixon, III ("Mixon") (collectively, "Defendants") on October 14, 2104, with a return date of November 13, 2014.

[2] *See* Memorandum In Support Of Defendants' Motion For Judgment On The Pleadings Or In The Alternative, Motion For Reconsideration (the "PJOP Motion") [ECF No. 55-1] at 4 n.3; Oct. 28 letter from Berkmueller to Kaplan attached as Exhibit T ("Ex.") to the Declaration Of David R. Kaplan In Support Of Lead Plaintiff's Motion To Compel Initial Disclosures And Discovery From Defendants ("Kaplan Decl.") at 3 ("Because the automatic stay of discovery under the PSLRA remains in effect as a result of the Motion, Defendants are not required to provide their Rule 26(a)(1) Initial Disclosures.").

the pleadings or reconsideration," the PSLRA discovery stay provision applies anew. Defendants are wrong on both counts.

First, under Rule 26, only the Court is authorized to determine whether to impose a new discovery stay.  Fed. R. Civ. P. 26(b)(2)(C).  The Federal Rules do not permit Defendants to unilaterally dictate the timing, sequence, or scope of discovery in this action.  In clear violation of the Federal Rules, Defendants made no effort to obtain a protective order or seek prior Court authorization before or after refusing to make their initial disclosures or respond to Lead Plaintiff's discovery.  As courts have repeatedly held, a party may not unilaterally engage in such self-help; instead, the proper remedy is to file a motion to quash or a motion for a protective order.  *See Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("Persons who make private determinations of the law and refuse to obey an order" pending an appeal risk criminal contempt even if the order is ultimately ruled incorrect); *Stambler v. Amazon.com, Inc.*, No. 09-CV-310, 2011 WL 10538668, at *8 (E.D. Tex. May 23, 2011) (same); *Automated Merch. Sys. v. Crane Co.*, Nos. 03-CV-88, 08-CV-97, 04-CV-80, 04-CV-75, 04-CV-48, 2011 WL 2471892, at *3 (N.D. W. Va. June 21, 2011) (defendants "misguidedly used self-help, rather than seeking the Court's guidance as they should have, in an effort to narrow the scope of discovery").

Second, the PSLRA discovery stay does not "automatically" renew or apply for a second time upon Defendants' filing their motion for partial judgment on the pleadings or reconsideration.  While courts have imposed the PSLRA stay upon application by a defendant seeking judgment on the pleadings or reconsideration, there is a key distinction in those cases.  Unlike here, the defendant's motion in those cases was ***completely*** dispositive and threatened to "authoritatively" resolve claims.  Here, Defendants' PJOP Motion is ***not*** dispositive and Defendants concede, as they must, that Lead Plaintiff's claims will proceed even if their PJOP

Motion succeeds. Indeed, Defendants admit at the beginning of their PJOP Motion that it addresses only **"certain"** of the sustained misstatements. Moreover, Defendants' PJOP Motion has no impact on the substantive scope of discovery, because all of the misstatements concern the same basic subject matter, i.e., Defendants' FDA regulatory compliance. Under these circumstances, the better reasoned and pragmatic decisions have ordered that discovery to proceed in ordinary course under the Federal Rules. For all of these reasons, imposing a discovery stay during the pendency of Defendants' PJOP Motion is unwarranted and would cause undue prejudice to Lead Plaintiff and the Class.

An order compelling Defendants' compliance is also warranted due to Defendants' obstructionist conduct ever since the Court issued its Order denying Defendants' motion to dismiss. An extensive record confirms Defendants' refusal to cooperate in even simple scheduling matters, let alone legitimate discovery – a pattern and practice established long before Defendants filed their recent PJOP Motion. Since August 18, 2014, when the Court's Opinion and Order [ECF No. 45] denied in all respects Defendants' motion to dismiss the Amended Complaint and lifted the PSLRA discovery stay, Defendants have ignored or obstructed Lead Plaintiff's efforts to move the case forward.

Following the Court's August 18 Order, Lead Plaintiff promptly attempted to schedule the parties' Rule 26(f) conference and, to ensure a productive meeting, provided Defendants with a detailed letter setting out a proposed pretrial schedule, deposition schedule and other case management matters to facilitate an informed and productive conference. *See* Kaplan Decl., Ex. A. Shortly thereafter on August 29, 2014, the Court further issued its Notice of Case Management Conference [ECF No. 49] ordering the parties, among other things, to meet and confer "to discuss the case and prepare a proposed discovery plan pursuant to Fed. R. Civ. P.

26(f)," and placed the "burden of arranging this meeting" on Lead Counsel.  Despite the Court's August 29 Order and at least two more letters from Lead Counsel, Defendants repeatedly ignored Lead Plaintiff's requests to schedule the Rule 26(f) conference.  First, Defendants insisted on postponing the conference until after they had additional time to prepare their answers (totaling six weeks, pursuant to Defendants' motion for an extension).  Then, after obtaining an extension to file their Answers, Defendants again refused to schedule the conference for any date unless and until the Court scheduled a Rule 16 conference.  *See* Kaplan Decl., Exs. H & N.  Then, after the Court scheduled the Rule 16 conference, Defendants asserted that discovery should continue to be stayed until their contemplated proposal to "bifurcate" discovery between "class" and "merits" discovery was resolved by the Court.  (To date, no such motion has been filed by Defendants.)  Most recently, on October 23, 2014 – literally the day before Defendants had agreed to provide their initial disclosures – Defendants filed their PJOP Motion and now claim that this half-baked, opportunistically-timed motion relieves them of their initial disclosure and discovery obligations.

As the record amply demonstrates, Defendants appear committed to a strategy of delaying discovery and frustrating the just, speedy and inexpensive resolution of this action.  Defendants' dilatory tactics should not be tolerated.

## FACTUAL BACKGROUND

This case was commenced over a year ago, on May 24, 2013.  ECF No. 1.  After being appointed Lead Plaintiff, on November 15, 2013, Guam filed its Amended Complaint ("Complaint") asserting federal securities fraud claims against the Defendants on behalf of itself and a class ("Class") of investors in Invacare common stock between February 27, 2009 and December 7, 2011 ("Class Period").  The Complaint principally alleges that Defendants made numerous false and misleading statements, misrepresentations and omissions during the Class

Period regarding Invacare's compliance with the U.S. Food, Drug and Cosmetic Act ("FDCA"), U.S. Federal Drug Administration ("FDA") regulations, and current Good Manufacturing Practices ("cGMP"), which caused Lead Plaintiff and the Class to purchase Invacare shares at artificially inflated prices.  ECF No. 34.

On December 23, 2013, Defendants moved to dismiss the Complaint, ECF No. 36, 36-1, thus triggering the automatic discovery stay under the PSLRA.  *See* 15 U.S.C. § 78u-4(b)(3)(B).  On August 18, 2014, the Court issued an Opinion and Order denying Defendants' motion to dismiss in its entirety (the "Order"), *see Gov't of Guam Ret. Fund v. Invacare Corp.*, No. 13-CV-1165, 2014 WL 4064256 (N.D. Ohio Aug. 18, 2014) [ECF No. 45], thus lifting the PSLRA discovery stay.  15 U.S.C. § 78u-4(b)(3)(B).

Pursuant to the Court's August 18 Order, Defendants were required to file their Answers to the Complaint by September 2, 2014.  *Invacare*, 2014 WL 4064256, at *10.  However, Defendants requested a one-month extension on the purported ground that over six weeks was needed to "fully prepare an appropriate response to the allegations in the lengthy Amended Complaint."  ECF. No. 46.  On August 29, 2014, the Court granted Defendants' request and ordered Defendants to file their Answers to the Complaint by October 2, 2014.  Also, at Lead Plaintiff's request, the Court scheduled the Case Management Conference for November 7, 2014.  ECF No. 49.

Following the Court's August 18 Order, on August 21, 2014, Lead Counsel sent a letter to counsel to Defendants requesting to schedule the parties' Rule 26(f) conference for August 29, 2014, or "as soon as practicable" thereafter, so that discovery could proceed.  *See* Fed. R. Civ. P. 26(f)(1); Kaplan Decl., Ex. A.  Lead Counsel's detailed letter set out, among other things, the following items to ensure a productive conference:

- Topics to be discussed during the conference;

- A proposed pre-trial schedule to prepare the case for trial within one year;

- Identification of document custodians and fact witnesses for depositions (with proposed deposition dates); and

- A proposal to front-load production of indisputably relevant documents that Defendants have already collected, reviewed for privilege and produced to adversaries in other actions concerning the same facts and circumstances in order to streamline document discovery in this action.

Defense counsel first delayed in responding to Lead Plaintiff's letter and request to schedule a Rule 26(f) conference, *see*, *e.g.*, Kaplan Decl. Ex. E, and then stated only that they would not schedule the Rule 26(f) conference until the Court set a case management conference. Kaplan Decl., Ex. H. Concurrently, Defendants moved for a month-long extension to file their answers. Counsel to Defendants ultimately agreed to schedule the Rule 26(f) conference for "the week of October 13," but only after (i) the Court set the case management conference; (ii) Defendants' obtained a month-long extension to file their answers; and (iii) following Lead Counsel's "campaign" of letters, emails, and phone calls repeatedly requesting to schedule the Rule 26(f) conference at counsel to Defendants next earliest availability. *See* Kaplan Decl., Exs. A-H, K.

On October 8, 2014, in advance of the parties Rule 26(f) conference, Lead Plaintiff produced to Defendants 1,487 documents pursuant to Rule 26(a)(1)(A)(ii), which were obtained from the U.S. Department of Health and Human Services pursuant to ongoing Freedom of Information Act ("FOIA") requests by Lead Counsel. Kaplan Decl., Ex. Q.

On October 14, the parties finally held their Rule 26(f) conference. Kaplan Decl., Ex. R. During the conference, the parties agreed to exchange their initial disclosures within ten days, i.e., by October 24. *Id.* Following the conference, Lead Plaintiff immediately provided Defendants with Lead Plaintiff's initial disclosures, and on October 28, 2014, with supplemental

initial disclosures.  *Id.*  Also on October 14, Lead Plaintiff served Defendants with Lead Plaintiff's First Set of Document Requests, Lead Plaintiff's First Set of Interrogatories, and Lead Plaintiff's First Set of Requests for Admission, each with a return date of November 13, 2014, together with notices of party and non-party depositions.  *Id.*

On October 24, 2014, without attempting to confer or providing any prior notice to Lead Plaintiff, Defendants filed their PJOP Motion.  *See* ECF Nos. 55, 55-1.  That day, Defendants informed Lead Plaintiff that notwithstanding their prior agreement, Defendants would ***not*** be providing Lead Plaintiff with their initial disclosures, and, additionally, that Defendants would not respond to ***any*** of Lead Plaintiff's merits discovery until their PJOP Motion for judgment on the pleadings or reconsideration was resolved, and then, would take the position that no merits-related discovery proceed until after the Court issues its order on class certification.  Kaplan Decl., Ex. S.  Specifically, counsel to Defendants stated:

> Because of our motion, the automatic stay of discovery under the PSLRA remains in effect.  That means until the stay is lifted, we do not intend to serve our initial disclosures on you, and do not intend to respond to your recently served discovery requests or allow any depositions to move ahead, whether by notice or subpoena. Nor do we intend, until the stay is lifted, to serve or proceed with any class certification discovery on our clients' behalf.  Once the stay is lifted, it would then be our clients' position that discovery should proceed as we previously indicated, first as to class certification only on a schedule similar to that already laid out by us, and only if a class is certified, then on the merits.

*Id.*  Accordingly, this motion follows.

## LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(C), "[a] party must make initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order . . . ."

Subject to certain exceptions, the PSLRA provides that discovery "shall be stayed during the pendency of any motion to dismiss":

> In any private action arising under this chapter, all discovery and other
> proceedings shall be stayed during the pendency of any motion to dismiss, unless
> the court finds upon the motion of any party that particularized discovery is
> necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B). By its express terms, the PSLRA discovery stay terminates

automatically when the court issues an order resolving defendants' motion to dismiss. *Id.*

## ARGUMENT

### A.    Defendants Should Be Compelled To Make Initial Disclosures Under Rule 26(a)

As noted above, the parties held their Rule 26(f) conference on October 14, 2014.

Pursuant to Rule 26(a)(1)(C), Defendants' initial disclosures were due within fourteen days of

the conference. During the conference, however, Defendants committed to providing their initial

disclosures within ten days of the conference, i.e., by October 24, 2014. Defendants refused to

provide their initial disclosures any sooner than ten days of the conference, i.e., the outer

deadline provided under the applicable rules. When asked if there was any reason why

Defendants' could not provide their initial disclosures any sooner, counsel for Defendants could

not provide a reason. To date, Defendants have not made their initial disclosures and refuse to

do so.

Rule 37(a)(3)(A) provides that if a party fails to make a disclosure required by Rule 26(a)

any other party may move to compel the disclosures. Defendants failed to provide their initial

disclosures by October 24, 2014, as required. Moreover, without seeking or obtaining prior

authorization of the Court, Defendants now refuse to make their initial disclosures apparently

until after the Court has ruled on their belatedly-filed PJOP Motion.

Defendants' failure to comply with their first and most basic case management obligation

is inexcusable. Courts routinely order parties to make initial disclosures. *See, e.g., Honor*

*Plastics Indus. Co. v. Lollicup USA, Inc.*, No. 06-cv-0707, 2007 WL 173772, at *1 (E.D. Cal.

-8-

Jan. 19, 2007) (granting motion to compel initial disclosures "based on Defendant's complete and unjustified failure to respond"); *Cooper v. Niagara Comm. Action Prog.*, 2009 WL 104261, at *1-2 (W.D.N.Y. Jan. 14, 2009) (same); *Hessenthaler v. Advantage Counseling Servs., Inc.*, No. 07-CV-107 (CDL), 2008 WL 4613548, at *1 (M.D. Ga. Oct. 15, 2008) (same). Moreover, when Defendants' failure to provide initial disclosures is viewed in context with Defendants' other obstructionist conduct, it appears calculated only to frustrate the efficient resolution of this action. Accordingly, the Court should compel Defendants to make the required disclosures without further delay.

**B.      Neither The PSLRA Nor Any Court Order
            Authorizes Defendants' Unilaterally-Imposed Discovery Stay**

The PSLRA generally provides that discovery "shall be stayed during the pendency of any motion to dismiss." 15 U.S.C. § 78u–4(b)(3)(B). The purposes of the automatic stay provision are (1) to prevent the imposition of any unreasonable burden on a defendant before disposition of a motion to dismiss the complaint; and (2) to avoid the situation in which a plaintiff sues without possessing the requisite information to satisfy the PSLRA's heightened pleading requirements, then uses discovery to acquire that information and resuscitate a complaint that would otherwise be dismissed. *See In re FirstEnergy Corp. Sec. Litig.*, 229 F.R.D. 541, 543 (N.D. Ohio 2004).

In this case, both the statutory text and underlying Congressional policies have been wholly satisfied because discovery was stayed from the inception of the case over a year ago through and until the Court denied Defendants' motion to dismiss in its entirety on August 18, 2014. Defendants' instant motion, however, does not implicate the statutory stay provision. Although styled as a "motion for judgment on the pleadings," Defendants' PJOP Motion is non-dispositive because, as it concedes at the very beginning, Defendants seek judgment only with

-9-

respect to "certain claims."  PJOP Motion at 1.  Accordingly, the remaining claims will proceed regardless of the outcome of Defendants' PJOP Motion, and there is no risk that discovery is sought to "resuscitate" dismissed claims.  Nor, for that matter, do the misstatements subject to Defendants' PJOP Motion change the substantive scope of their discovery obligations as **all** of the alleged misstatements concern the same subject matter.  For these reasons, courts reject requests by defendants to stay discovery during the pendency of a partial motion for judgment on the pleadings or reconsideration that addresses only certain claims or parties.  *See*, *e.g.*, *In re Global Crossing, Ltd. Sec. Litig.*, 322 F. Supp. 2d. 319, 352 (S.D.N.Y. 2004); *In re Lernout & Hauspie Sec. Litig.*, 214 F. Supp. 2d 100, 105 (D. Mass. 2002).

The court's analysis in *Latham v. Stein*, No. 08-2995, 2010 WL 3294722, at *3 (D. S.C. Aug. 20, 2010) is instructive.  There, plaintiffs' complaint was sustained in part and dismissed in part.  Plaintiffs moved for reconsideration while an individual defendant's motion to dismiss remained unresolved.  Defendants moved to stay initial disclosures and discovery pending resolution of the outstanding motions.  The court denied defendants' motions, finding that the underlying purposes of the PSLRA stay provision would not be served where claims are certain to proceed, as there is no danger of a "fishing expedition" and discovery cannot be used "to force innocent parties to settle frivolous class actions."  *Id*. at *3.  The court emphasized that discovery will proceed no matter what the outcome of the pending motions.  *Id*.

Similarly, the court in *In re Saloman Analyst Litigation*, 373 F. Supp. 2d 252 (S.D.N.Y. 2005), expressed concerns about the ramifications of automatically imposing the stay for successive motions to dismiss and stated that subsequent stays were subject to court discretion:

> Rather, defendants insist that the mere filing of any motion to dismiss, "successive or otherwise" . . . , automatically renews the statutory stay.  This argument has troubling implications.  The purpose of the statutory stay is to prevent abusive, expensive discovery in frivolous lawsuits by postponing

-10-

discovery until "after the Court has sustained the legal sufficiency of the complaint." In a case where the court already has sustained the legal sufficiency of the complaint, the purpose has been served. ***To permit defendants indefinitely to renew the stay simply by filing successive motions to dismiss would be to invite abuse***.

*Id*. at 254-55 (emphasis added). Despite expressing this concern, the court nonetheless exercised its discretion to impose a stay pending resolution of the defendants' successive motion to dismiss because the motion was "neither frivolous nor advanced solely to delay the proceedings." *Id*. at 256. Here, Defendants' prior conduct confirms that their self-imposed stay is calculated to delay the proceedings.

Additionally, pursuant to Fed. R. Civ. P. 26(c), the Court has discretion to stay discovery "for good cause shown." Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay. *See Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94 Civ. 2120, 1996 WL 101277, at *2 (S.D.N.Y. Mar. 7, 1996) (collecting cases). However, Defendants have made no effort to obtain a protective order pursuant to Rule 26(c) let alone demonstrate good cause. Moreover, good cause does not exist here for at least two reasons. First, as noted above, Defendants' pending motion cannot "dispose" of this case. Second, Lead Plaintiff and the Class are prejudiced by any further stay in this action. Discovery was already stayed pursuant to the PSLRA for more than one year. Having satisfied the PSLRA's exacting pleading requirements with sustained claims that will proceed irrespective of the outcome of Defendants' PJOP Motion, Lead Plaintiff and the Class are entitled to discovery and resolution of this action should not be prejudiced by further delay. *See*, *e.g.*, *Nabi Biopharms. v. Roxane Labs., Inc.*, No. 2:05-cv-0889, 2006 WL 3007430, at *2 (S.D. Ohio Oct. 20, 2006) (denying stay request where motion to dismiss could not fully dispose of case and party failed to demonstrate "great likelihood" of prevailing).

-11-

**C.**     **Defendants Should Be Compelled To Respond To Lead Plaintiff's**
**Discovery, Particularly As Defendants' Strategy**
**To Seek "Bifurcated" Discovery Lacks Merit And Will Cause**
**Inefficiencies, Delay, And Burden For The Court And The Parties**

Lead Plaintiff understands that Defendants will propose at the Rule 16 scheduling
conference on November 7, 2014, that merits discovery should be further delayed pending the
Court's determination whether to certify this case as a class action under Rule 23.  Defendant's
strategy to "bifurcate" discovery between "class" and "merits" issues is another transparent
attempt to avoid merits discovery and frustrate the just, speedy and inexpensive resolution of this
matter.  As the court in *Central Transport International, Inc. v. General Electric Co.*, No.
08CV136, 2008 WL 4457707 (W.D. N.C. Sept. 30, 2008), stated, "***bifurcation of discovery is***
***the exception, rather than rule***, and it is clear that in most instances, regular – that is,
***unbifurcated – discovery is more efficient***.[3]  Bifurcation is the exception, rather than the rule,
because it creates a number of problems.  As an additional matter, "the distinction between
merits-based discovery and class-related discovery is often blurry, if not spurious."   *In re*
*Plastics Additives Antitrust Litig.*, No. 03-2038, 2004 WL 2743591, at *3 (E.D. Pa. Nov. 29,
2004) (citing MANUAL FOR COMPLEX LITIGATION § 21.14, at 255 ("generally, application of the
Rule 23 criteria requires the judge to examine the elements of the parties' substantive claims and
defenses in order to analyze commonality, typicality, and adequacy of representation under Rule
23(a)")).

---

[3] *Id.* at *3 citing *Belk, Inc. v. Meyer Corp.*, No. 07-CV-168, 2008 WL 2704792, at *2 (W.D.N.C.
July 7, 2008) (denying motion for bifurcated discovery in favor of a "regular discovery period
that would allow for a more efficient process"); *Carver v. Velocity Express Corp.*, No. 07 CV
407, 2008 WL 2079819, at *2 (W.D.N.C. May 15, 2008) (concluding that bifurcated discovery
would be less efficient); and *Classen Immunotherapies, Inc. v. King Pharms., Inc.*, 403 F. Supp.
2d 451, 461 (D. Md. 2005) (bifurcation of discovery "would not further judicial economy").

Indeed, "discovery relating to class certification is closely enmeshed with merits discovery" and "cannot be meaningfully developed without inquiry into basic issues of the litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 41 (N.D. Cal. 1990).  As the district court in *Gray* recognized:

> An order staying discovery pending class certification would be unworkable, since plaintiffs must be able to develop facts in support of their class certification motion. An order restricting discovery to class issues would be impracticable because of the closely linked issues, and inefficient because it would be certain to require ongoing supervision of discovery.

*Id*. at 41.  Defendants will undoubtedly place merits-based arguments at issue in opposing class certification.  Moreover, bifurcation would be unmanageable because a district court, in deciding a class certification motion, must conduct a "'thorough examination of the factual and legal allegations,'" and the court "may 'consider the substantive elements of the plaintiffs' case." *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 317 (3d Cir. 2009).

The district court in *Plastics Additives* succinctly identified further problems with bifurcation that are equally applicable here:

> Bifurcation would be inefficient, unfair, and duplicative in this case for several reasons.  First, bifurcation would further delay the resolution of the litigation in derogation of Rule 1 of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 1 (procedural rules must be administered to secure "the just, speedy, and inexpensive determination of every action"). This case has already been on the docket for over 18 months without a decision on class certification.  Failure to permit simultaneous discovery of merits-related and class-related issues will further delay the length of the overall discovery period, thereby inhibiting plaintiffs from receiving an expeditious resolution of their claims.  *See*, *e.g.*, *In re Sulfuric Acid Antitrust Litig.*, MDL No. 1561, No. 03 C 4576 (N.D. Ill. 2003) (refusing to bifurcate discovery in antitrust litigation in part because of delays created by bifurcation).  Bifurcation would also belie principles of judicial economy, as the Court may be forced to spend time and resources resolving discovery disputes over what is "merit" discovery as compared to "class" discovery.  *See*, *e.g.*, *In re Hamilton Bancorp, Inc. Sec. Litig.*, 2002 WL 463314, at *1 (S.D. Fla. Jan. 14, 2002) (noting that "bifurcation of discovery may well-increase litigation expenses by protracting the completion of discovery, coupled with endless disputes over what is "merit" versus "class" discovery.").

2004 WL 2743591, at *3; *see also Central Transport*, 2008 WL 4457707, at *3 (bifurcation "will result ultimately in duplicative discovery that will waste time, money and scarce judicial resources"); *In re Semgroup Energy Partners, L.P., Sec. Litig.*, No. 08-MD-1989, 2010 WL 5376262, at *2-3 (N.D. Okla. Dec. 21, 2010) (no "bright line" between "merits" and "class" discovery and "courts have found that bifurcation is inappropriate where discovery relating to class certification is closely enmeshed with merits discovery and in fact cannot be meaningfully developed without inquiry into basic issues of litigation"); *Wal–Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551–52, 180 L. Ed. 2d 374 (2011) ("The class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.").

Recognizing that bifurcation inevitably leads to disputes, delay, inefficiencies and unnecessary burden, courts typically require a party seeking bifurcation to make a ***prima facie showing their likelihood of prevailing not only in defeating class certification but in disposing of the case altogether***. *See*, *e.g.*, *Semgroup*, 2010 WL 5376262, at *2-3 (merits discovery during the precertification stage "is generally more appropriate for cases that are large and likely to continue even if not certified"); *New England Carpenters Health & Welfare Fund v. Abbott Labs.*, No. 12 C 1662, 2013 WL 690613, at *3-4 (N.D. Ill. Feb. 20, 2013) (a party seeking to limit discovery has the burden of showing "good cause" and "courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements"). Here, Defendants' cannot make any such showing for numerous reasons. It is widely recognized that federal securities fraud claims asserting a fraud-on-the-market theory present prototypical class actions under Rule 23(b)(3). Indeed, Invacare's common stock trades on the New York Stock Exchange, which courts uniformly hold is ***per se*** an efficient market

-14-

entitling investors to a class-wide presumption of reliance.  *See, e.g., Lapin v. Goldman Sachs & Co.*, 254 F.R.D. 168, 183 (S.D.N.Y. 2008) ("no argument could be made that the New York Stock Exchange is not an efficient market") (citing *Basic Inc. v. Levinson*, 485 U.S. 224, 249 n.29 (1988)).  Moreover, even if Defendants were to successfully demonstrate that class certification is inappropriate in this case (which they cannot), Lead Plaintiff and other investors would still have viable individual claims.

As a leading treatise instructs, when considering bifurcation, "[i]t is the interest of efficient judicial administration that is to be controlling under the rule, rather than the wishes of the parties." Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 2388 (2d ed. Pocket part, 2006).  Here, Defendants' "preference" that merits discovery be postponed indefinitely is insufficient to warrant bifurcating discovery, particularly when balanced against the gross inefficiencies, delay and unnecessary burden that will result from the inevitable disputes over what constitutes "class" versus "merits" discovery, and the resulting prejudice and adverse due process consequences for Lead Plaintiff and the Class.

## CONCLUSION

For the foregoing reasons, Lead Plaintiff respectfully requests that the Court issue an Order compelling Defendants to provide their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) within five days from the date of entry of the Order and respond to Lead Plaintiff's properly-served written discovery by November 13, 2014 pursuant to Rule 37(a).  A proposed Order is submitted herewith.

Dated: October 31, 2014                          Respectfully submitted,

                                    */s/ Benjamin Galdston*
                                    BENJAMIN GALDSTON

-15-

**BERNSTEIN LITOWITZ BERGER**
**& GROSSMANN LLP**
Blair A. Nicholas (admitted *Pro Hac Vice*)
Benjamin Galdston (admitted *Pro Hac Vice*)
David R. Kaplan (admitted *Pro Hac Vice*)
Lucas E. Gilmore (admitted *Pro Hac Vice*)
12481 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone:    (858) 793-0070
Facsimile:    (858) 793-0323

*Counsel for Lead Plaintiff Government of*
*Guam Retirement Fund and Lead Counsel*
*for the Class*


**CLIMACO, WILCOX, PECA,**
**TARANTINO & GAROFOLI CO., L.P.A.**
John R. Climaco (0011456)
Scott D. Simpkins (0066775)
55 Public Square, Suite 1950
Cleveland, Ohio 44113
Telephone:    (216) 621-8484
Facsimile:    (216) 771-1632

*Local Counsel for Lead Plaintiff Government*
*of Guam Retirement Fund*