IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GOVERNMENT OF GUAM RETIREMENT FUND, on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> INVACARE CORPORATION, *et al.*, <br><br> Defendants. | CASE NO. 1:13-cv-1165 <br><br> JUDGE CHRISTOPHER A. BOYKO <br><br><br> **REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS OR IN THE ALTERNATIVE, MOTION FOR RECONSIDERATION** |

Plaintiff acknowledges in its Opposition that *KBC Asset* changed the pleading standard and now requires that a plaintiff allege actual knowledge of falsity with regard to misstatements of "soft" information. What it disputes is whether the FAC contains any alleged misstatements regarding "soft" information. On the one hand, it contends that the Court need not make a determination as to each misstatement. On the other hand, it alleges that the Court already did, and found that none of the allegations concern "soft" information. Plaintiff overreaches on both points. The Court should review each alleged misstatement and omission, and, after doing so, should find that Plaintiff has failed to establish the actual knowledge of falsity necessary for the claims to survive dismissal.

### I. LEGAL DISCUSSION

**A. Plaintiff Does Not Dispute the Impact of *KBC Asset* in Changing the Pleading Standards For Allegations Containing "Soft" Information.**

As Defendants explained in their Motion, the Sixth Circuit has cleared up the "hazy and muddled" pleading standards for allegations containing "soft" information by "raising the bar for alleging scienter" to "actual knowledge." *KBC Asset*, 2014 U.S. App. LEXIS 19326 at *29. Before *KBC Asset*, the standard for pleading scienter with respect to allegations containing "soft"

{02763517.DOC;4 }

information was recklessness, which is the same as the one for allegations containing "hard" information. *Id.* at *33. Plaintiff does not dispute the holding of *KBC Asset*. *See* Opposition at 2-3. In fact, Plaintiff acknowledges that if the Court finds that the FAC contains statements concerning "soft" information, the Court would need to consider whether the FAC "sufficiently pleads facts showing that Defendants had actual knowledge that their statements were false or misleading at the time they were made." *Id.* at 9 citing *KBC Asset* at *11.

Thus, the two questions for this Court to resolve on this Motion are now (1) which allegations in the FAC concern "soft" information and (2) whether Plaintiff sufficiently pled facts showing that Defendants made these statements with actual knowledge of their falsity. Defendants submit that the FAC alleges numerous misstatements and omissions regarding "soft" information but that Plaintiff does not allege sufficient facts to plead actual knowledge of falsity regarding the same. To the extent Plaintiff argues to the contrary, it does so based on a misreading of the Court's order, on a misunderstanding of the PSLRA, and on a generalized and jumbled collection of facts that fail to connect specific statements to specific assertions of actual knowledge.

  **B.**   **Plaintiff stretches too far in suggesting that the Court need not examine "each" alleged misstatement and omission, and in suggesting that the Court did so and found that all alleged misstatements and omissions concerned "hard" information.**

To avoid any further scrutiny of the FAC under the new standard in *KBC Asset*, Plaintiff asserts that, though the Court need not examine every alleged misstatement or omission under the PSLRA, it already did so and found that they all concerned "hard" information. Neither point is true.

First, Plaintiff overreaches in arguing that the Court's Order found that all of Plaintiff's allegations focused on "hard" information and none on "soft" information. *See* Opposition at 7-

9. The Order does not go that far. As to allegations regarding "hard" information, the Court only said that "statements made **in the same time frame** and quoted in the allegations of the [FAC] . . ." survive dismissal, not that all of them did. Order at 6. More importantly, as to "soft" information, the Court states that it "appreciates Defendants' position as far as it goes[.]" *Id.* Ultimately, the Order did not appear to examine each misstatement or omission, only select ones, in reaching these conclusions.

Contrary to what Plaintiff suggests, though, it is not enough for the Court to examine just one, or some, of the allegations. *See* Opposition at 6. Under Plaintiff's rule, an enterprising plaintiff could do an effective end-run around the PSLRA by simply combining one claim pled with specificity along with several other vaguely pled claims that should otherwise be dismissed. Having passed through dismissal on the strength of just one claim, it could then conduct discovery on all of the claims, even those which were improperly pled, thereby undermining the purpose of the PSLRA's heightened pleading standards and automatic stay of discovery. As was done in *KBC Asset*, and consistent with the requirements of the PSLRA, the Court should now examine the allegations to make certain Plaintiff has pled actual knowledge of falsity, at the time the statements were made, as to each misstatement or omission. *KBC Asset* at *60-62 (faulting plaintiff for not providing specifics on what contrary facts were communicated to whom, or when).

Plaintiff offers little by way of case law to support its argument. In *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356 (6th Cir. 2001), the Court relied on an Ohio state court case applying Ohio law in order to find that a complaint survives dismissal even if just one claim survives. While it may be true that an action can survive if at least one claim is not dismissed, this has nothing to do with the obligations imposed on Plaintiff by the PSLRA to plead with

particularity, as to each alleged misrepresentation or omission, specific facts to support falsity and scienter.  *See* 15 U.S.C. § 78u-4(b)(1); 15 U.S.C. § 78u-4(b)(2).  The second case to which Plaintiff cites is out-of-circuit, was brought by a single plaintiff, not a purported class as in this case, and offers no substantive analysis on which this Court can rely.  *See Simmons Invs., Inc. v. Conversational Computing Corp.*, No. 09-cv-2345, 2011 U.S. Dist. LEXIS 15962, *17 (D. Kan. Feb. 17, 2011).  No case to which Plaintiff cites in its Opposition changes the requirement under the PSLRA that the Court must look at each and every allegation to assess whether it survives dismissal.

Regardless, with different alleged misstatements, regarding different issues, made at different times, there is no other way to analyze whether actual knowledge was sufficiently pled as *KBC Asset* requires other than by conducting a statement-by-statement analysis.  Examined this way, it is clear that many of Plaintiff's claims fail to sufficiently plead the newly required scienter.

        **C.**    **Defendants Failed to Plead Allegations Sufficient to Satisfy the Heightened Pleading Standard Established by *KBC Asset* for Allegations Containing "Soft" Information.**

Plaintiff effectively concedes in its Opposition that it cannot meet the "knowingly" scienter standard with respect to certain allegations containing "soft" information.  For example, Defendants pointed out in their Motion that Plaintiff's allegations that Defendants made statements in 2009 at the beginning of the purported class period about how Invacare was "currently addressing" and "working with the FDA" or that the company "continues to strengthen its programs," *see* Motion at 7 citing FAC at ¶¶ 157, 158, and 174, but that there are no allegations — with the particularity required by the PSLRA or otherwise — in the FAC that these statements are objectively false and that Defendants made them knowing of their falsity.

As a tacit acknowledgement that there are no such allegations to allow it to sufficiently plead scienter, Plaintiff neglects to even address this point in their Opposition.

Plaintiff's Opposition instead points to a series of other allegations that it contends satisfy the heightened scienter standard for allegations containing "soft" information.[1]  *See* Opposition at 10-12.  These purported statements were made by confidential witnesses about the culture at Invacare and their impressions about the FDA's investigation of Invacare.  However, these statements do nothing to support a finding that Defendants made the statements alleged about the status of Invacare's response to the FDA and the seriousness with which Invacare was addressing the FDA's concerns knowing that they were false at the time they were made.  At best, Plaintiff's allegations could support pleading that Defendants acted recklessly, but this is insufficient in light of the Sixth Circuit's holding in *KBC Asset* for allegations containing "soft" information.  *KBC Asset*, 2014 U.S. App. LEXIS 19326 at *29.  To date, Plaintiff has alleged nothing to even begin to suggest that Defendants knew, **at the time they made their statements**, that Invacare was not "currently addressing" or "working with the FDA" to resolve the FDA's concerns, that the company did not "believe" it was making progress, or that Invacare was "continu[ing] to strengthen its programs" to achieve compliance.

Lastly, Plaintiff also points to the failure of Defendants to disclose the "near certainty" that the FDA would take action against Invacare as an apparently actionable omission, drawing

---

[1] Curiously, Plaintiff argues that Defendants made "repeated denials of non-compliance" with the FDA's regulations.  *See* Opposition at 11.  Not so.  Defendants are not aware of any allegations in the FAC that they made denials of non-compliance, or affirmations of compliance, at any time.  To the contrary, Invacare consistently made statements that the FDA had issued inspectional observations (in 2009 and 2010, *see* FAC ¶¶ 158, 174), which are the FDA's positions that there are potential regulatory violations at Invacare, or that there was a Warning Letter, which outlined FDA's claimed violations publicly and specifically warned of enforcement action.  Invacare did state that it was taking action, or had taken action, to address those issues.  It did state that it believed it had procedures that would ensure substantial compliance.  But, it never went further to say it was actually compliant, overall, or even believed it was actually compliant.  This is an important difference from the facts in *KBC Asset*, where Omnicare had made general statements of compliance.  *KBC Asset*, at *11.

from the Court's language. *See* Opposition at 11. Statements regarding the likelihood that something might occur in the future, including that they are a "near certainty" to occur, are predictions and thus are "soft" information. *See Bridgestone*, 399 F.3d at 669. Nowhere in the FAC does Plaintiff allege that such action was a "near certainty" or, more importantly, that Defendants had "actual knowledge" that this was the case. Instead, similar to the plaintiff in *KBC Asset*, Plaintiff "merely makes general statements and heaps inference upon inference." *KBC Asset*, 2014 U.S. App. LEXIS 19326 at *60. That is not permissible, particularly on the facts of this case.

Defendants were not silent on this point; Plaintiff was made aware of the possibility of enforcement action. Defendants repeatedly warned in their public statements that enforcement actions were possible, and even added the specific possibility of a consent decree to the list of potential actions including seizures, recalls and injunctions, beginning in early 2011. *See* Memorandum in support of Motion to Dismiss ("Memorandum") at 4, 20. The Warning Letter, published to the market in January 2011, also advised of the possibility that the FDA could take further enforcement action, including seizures and injunctions. The market was warned of the potential risk.

Thus, the question is when, if ever, should Defendants have changed their prediction from a possibility or contingency to a "near certainty." Knowing what happened after December 8, 2011, Defendants could not act lightly in making that prediction. So, when did they actually know it was a near certainty? What in the FAC shows that Defendants had actual knowledge that the consent decree was a near certainty? The answer is nothing in the FAC shows that they actually knew further enforcement action like a consent decree was a near certainty at the time of any of their prior public statements.

This dramatically impacts the viability of the allegedly corrective disclosure on December 8, 2011.  As discussed in Defendants' Motion to Dismiss, everything else disclosed on December 8, 2011 had been disclosed previously, either on October 27, 2011 or November 8, 2011.  *See* Memorandum at 16, 26.  The Form 483's had been disclosed.  FAC ¶ 111.  The system-wide efforts at compliance had been disclosed.  FAC ¶ 110.  The ongoing discussions with the FDA had been disclosed.  *Id.*  The one thing not disclosed -- the "near certainty" of enforcement action that became a certainty to the market on December 8, 2011 -- is the one thing that Plaintiff cannot establish "actual knowledge" of at the time of any prior public statements, and thus cannot establish as an actionable misstatement or omission.

    **D.**    **The Potential Impact From the Court Conducting the Analysis Required by *KBC Asset* is Significant.**

Should this Court conduct the *KBC Asset* analysis and determine that certain of Plaintiff's allegations contain "soft" information and insufficiently plead scienter, thus requiring their dismissal, the result will be a streamlined case that will be eminently more manageable for the parties and the Court.  As stated above, the Court's decision on this Motion could also impact the definition and length of the class period.  Indeed, allegations at the beginning (February 2009) and end (December 2011) of the class period as it is presently defined are based on "soft" information without any corresponding allegations that Defendants made those statements knowing that they were false at the time they were made.  Not only would the class period itself be limited, but so too the potential damages available to Plaintiff.  The December 8, 2011 disclosure accounts for nearly 75% of Plaintiff's alleged total damages.  Moreover, the Court's dismissal of certain of Plaintiff's allegations will narrow the scope of what is relevant to expert witnesses and in fact discovery in general.  Therefore, the Court's consideration of this Motion is

consequential in every respect, and in fact could dramatically reduce the scope of work for the parties and the Court in litigating this case.

## II. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant them judgment on the pleadings pursuant to Civil Rule 12(c) with respect to each of Plaintiff's claims that rely on "soft" information and insufficiently plead scienter with actual knowledge. In the alternative, Defendants respectfully request that the Court reconsider its Order and (1) set forth which of Plaintiff's allegations in the Amended Complaint contain "soft" information and (2) set forth which of those statements sufficiently alleged that Defendants made them with actual knowledge that they were false, and which did not, and are thus subject to dismissal.

Respectfully Submitted,

*/s/ Fritz E. Berckmueller*
MITCHELL G. BLAIR (0010892)
FRITZ E. BERCKMUELLER (0081530)
ERIC S. ZELL (0084318)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114
Telephone: (216) 622-8200
Fax: (216) 241-0816
*mblair@calfee.com*
*fberckmueller@calfee.com*
*ezell@calfee.com*

*Attorneys for Defendants, Invacare Corporation, Gerald B. Blouch, and A. Malachi Mixon, III*

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Civil Rule 7.1(f), I hereby certify that this case has not been assigned to any track. I hereby further certify that the foregoing Memorandum adheres to the 20 page limitation for unassigned cases.

Dated: November 13, 2014                 */s/   Fritz E. Berckmueller*
                                                            One of the Attorneys for Defendants, Invacare Corporation, Gerald B. Blouch, and A. Malachi Mixon, III

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on November 13, 2014. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ *Fritz E. Berckmueller*
One of the Attorneys for Defendants, Invacare Corporation, Gerald B. Blouch, and A. Malachi Mixon, III

{02763517.DOC;4 }