UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GOVERNMENT OF GUAM RETIREMENT FUND, etc., ) ) | CASE NO. 1:13CV1165 |
| Plaintiff, ) ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. ) ) | OPINION AND ORDER |
| INVACARE CORPORATION, et al., ) ) | |
| Defendants. ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #55) of Defendants, Invacare Corporation, Gerald B. Blouch and A. Malachi Mixon, III, for Judgment on the Pleadings or in the Alternative, Motion for Reconsideration.  On August 18, 2014, the Court denied Defendants' Motion to Dismiss the Amended Complaint (ECF DKT #45).  Defendants now ask the Court to address the October 10, 2014 opinion in *KBC Asset Mgmt. N.V. v. Omnicare, Inc.*, 769 F.3d 455 (6th Cir. 2014); and with respect to each of Plaintiff's claims that rely on "soft information," determine which of those are subject to dismissal.  Upon review of the new case law, the Court is not persuaded to alter its decision denying dismissal; so, Defendants' Motion is denied.

**I. FACTUAL BACKGROUND**

Lead Plaintiff, the Government of Guam Retirement Fund, brings this putative private securities fraud class action, individually and on behalf of all persons or entities who purchased or otherwise acquired the publicly traded common stock of Invacare Corporation between February 27, 2009 and December 7, 2011, against Invacare, a manufacturer and

distributor of home and long-term care medical products; Gerald B. Blouch ("Blouch"), its President and Chief Executive Officer ("CEO"); and A. Malachi Mixon, III ("Mixon"), its Chairman, founder and former CEO, for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5.  Principally, Plaintiff alleges that Defendants made numerous false and misleading statements, misrepresentations and omissions during the Class Period regarding Invacare's compliance with the Food, Drug and Cosmetic Act ("FDCA") and current Good Manufacturing Practices ("cGMP").  While assuring investors, in its annual reports, securities filings and press releases, that Invacare was working with the FDA, strengthening compliance programs and addressing specific problems, Invacare was cited for violations in multiple FDA Form 483 inspection reports and received a formal Warning Letter on December 15, 2010, which was released to the public on January 4, 2011.  Ultimately, on December 20, 2012, the United States filed a Complaint for Permanent Injunction against Invacare, which resulted in a Consent Decree.

## II. LAW AND ANALYSIS

**Motion for Judgment on the Pleadings**

After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings.  Fed.R.C.iv.P. 12(c).  In this jurisdiction, "[t]he standard of review for a judgment on the pleadings is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) . . . . We 'construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims

that would entitle relief.'"  *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC,* 477 F.3d 383, 389 (6th Cir.2007) (citations omitted).  The court's decision "rests primarily upon the allegations of the complaint;" however, "'exhibits attached to the complaint[] also may be taken into account.'"  *Barany-Snyder v Weiner,* 539 F.3d 327, 332 (6th Cir.2008) (citation omitted) (brackets in the original).  Lastly, a Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law."  *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir.1991).

**Reconsideration**

"District courts possess the authority and discretion to reconsider and modify interlocutory judgments any time before final judgment."  *Rodriguez v. Tenn. Laborers Health & Welfare Fund,* 89 Fed. App'x. 949, 952 (6th Cir.2004).  *See also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 12 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge"); "District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment."  *Rodriguez*, 89 Fed. App'x. at 959.

"Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice."  *Id.* (citing *Reich v. Hall Holding Co.,* 990 F.Supp. 955, 965 (N.D.Ohio 1998)).

In the previous Fed.R.Civ.P. 12(b)(6) analysis of the Amended Complaint, the Court painstakingly read all the allegations in the 132-page pleading.  Now, Defendants ask the Court to conduct a statement-by-statement examination and to apply, line by line, the *KBC*

*Asset* standard for scienter in a private securities litigation case.  The Court finds, however, that such a stringent test of the Amended Complaint's sufficiency is not required.  Rather, "a court 'must consider the complaint in its entirety' and decide 'whether all of the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets that standard.'"  *KBC Asset*, 769 F.3d at 473, quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, at 322-23 (2007).

Further, upon consideration of the *KBC Asset* opinion, the Court determines that the instant Amended Complaint does not suffer from the same infirmities as the Complaint brought against Omnicare:

The Sixth Circuit found that the *KBC Asset* Complaint insufficiently tied the individual defendants to the audits showing that their Form 10-K securities statements were false.  *KBC Asset*, 769 F.3d at 481.  Not so here – where the FDA's Form 483's were addressed directly to Invacare's CEO.

The "speculative reasoning" employed to attempt to illustrate the individual defendants' actual knowledge in *KBC Asset, id.* at 482, is not present here.

Unlike here, the *KBC Asset* Complaint "failed to provide any specifics regarding the timing" of when individual defendants learned of compliance concerns from Confidential Witnesses or otherwise.

Finally, the *KBC Asset* pleading "merely makes general statements and heaps inference upon inference."  *Id*. at 482.  Moreover, "[t]he countervailing inferences, at least on the facts alleged [in *KBC Asset*], are too strong."  *Id*. at 483.  Neither is true of the Government of Guam's Amended Complaint.

The Court finds that the Government of Guam's Amended Complaint sufficiently alleges verifiable statements, misstatements and omissions, made by the Individual Defendant CEO's, during the entire relevant class period (February 27, 2009 to December 7, 2011), with actual knowledge of falsity:

- the Company's 2008 Annual Report, bearing the certification of Defendant Mixon, says Invacare is "*currently addressing*" the FDA observations in its Form 483 and "*has established* numerous policies and procedures" to ensure substantial compliance.  (ECF DKT #34, ¶¶ 157-160).

- the 2009 Annual Report, bearing the certification of Defendant Mixon, repeats that the Company "*has addressed*" the FDA's Form 483 observations and "*continues to strengthen its programs*."  (ECF DKT #34, ¶ 174).

- on August 18, 2010, the FDA concluded a *sixteen-day inspection period* at Invacare's Sanford Facility.  (ECF DKT #34, ¶ 183).

- on January 4, 2011, the FDA publicly released a copy of it *December 15, 2010 Warning Letter* directed to Invacare.  (ECF DKT #34, ¶ 184).

- the Warning Letter called for corrective action and stated that observations made by the FDA "may be *symptomatic of serious problems in [the] firm's manufacturing and quality assurance systems*."  (ECF DKT #34, ¶ 186).

***but***

- on January 4, 2011, Defendant Blouch issued a press release, in which he said the Warning Letter "*does not state that our products are unsafe nor has it impacted our production.  The letter is related to documentation procedures.*"  (ECF DKT #34, ¶ 187).

-5-

- an April 28, 2011 press release further announced: "*The Company is in the process of adding resources to its regulatory affairs and corporate compliance departments and engaging outside experts to accelerate implementation of its corrective actions*."  (ECF DKT #34, ¶ 210).

- the Company's SEC Form 10-Q for the first quarter of 2011, bearing the certification of Defendant Blouch, stated that "*the Company views its regulatory compliance actions to be among its highest priorities*."  (ECF DKT #34, ¶ 212).

- in a July 28, 2011 earnings conference call, Defendant Blouch assured investors that Invacare was actively managing the FDA Warning Letter situation; that the Company had "*hit all of our follow-up deadlines with the FDA*;" and "*had good, active dialogue with the FDA*."  (ECF DKT #34, ¶ 215).

***yet***

- on August 8, 2011, Invacare received *two additional Form 483's, citing repeated violations*.  (ECF DKT #34, ¶ 221).

Then, on December 8, 2011, Invacare issued a press release, announcing that the FDA intended to seek a Consent Decree of Injunction against Invacare.  (ECF DKT #34, ¶¶ 112, *et seq*.).

On December 20, 2012, the United States filed a Complaint for Permanent Injunction against Invacare.  (ECF DKT #34, Exhibit 6).

In sum, during the relevant Class Period, at least five FDA Form 483's and the Warning Letter were issued to Invacare.  Form 483's were delivered to senior management. (ECF DKT #34, ¶ 53).  The FDA investigators discussed their observations with Company

representatives, following inspections in December 2008, December 2010 and August 2011. (ECF DKT #34, Exhibit 6 at ¶ 28). The December 15, 2010 Warning Letter was addressed to Defendant Mixon. Defendants Mixon and Blouch certified Invacare's Annual Reports and SEC filings. Defendant Blouch hosted investor conference calls, issued press releases and participated in "chats" on the Company website. The knowledge held by Blouch and Mixon on the significant FDA investigations and observations is imputed to the Defendant Company. *KBC Asset*, 769 F.3d at 477.

In their role either as CEO or President or Chairman of Invacare during the relevant time frame, Defendants Mixon and Blouch affirmatively stated that FDA concerns had been ***addressed***, that ***FDA deadlines had been met*** and that the FDA observations were directed at internal documentation and procedural processes – while, in truth, they implicated the safety or efficacy of Invacare products.

In their Motion, Defendants ask the Court to carefully review the allegations they consider to be "soft" information, that is, predictions, opinions, corporate puffing, etc. First, the Court has repeated its thorough examination of every paragraph of the lengthy Amended Complaint. Second, the Court has found that the Amended Complaint contains more than enough material verifiable statements, misstatements and omissions made by Defendants during the critical time frame to decline Defendants' invitation to streamline the class definition or shorten the class period. Third, merely because Defendants couch some of their statements with terms like "our belief" or "we believe" or "our highest priority" or "in my opinion," the Court is not swayed. Rather, the Court agrees with the Sixth Circuit: "In passing the 1934 Act, Congress did not intend to allow corporations or their officers to

insulate themselves by simply attaching *throat-clearing language* to their public utterances."

(Emphasis added).  *KBC Asset*, 769 F.3d at 479.

### III. CONCLUSION

For these reasons, the Court adheres to its previous ruling of August 18, 2014 (ECF DKT #45), and denies Defendants' Motion (ECF DKT #55) for Judgment on the Pleadings or in the Alternative, Motion for Reconsideration.

**IT IS SO ORDERED.**

                                                **s/ Christopher A. Boyko**
                                                **CHRISTOPHER A. BOYKO**
                                                **United States District Judge**

**Dated:  December 9, 2014**