-1-

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GOVERNMENT OF GUAM RETIREMENT FUND, *et al.*, <br><br> Plaintiff, <br><br> vs. <br><br> INVACARE CORPORATION, *et al.*, <br><br> Defendants. | Case No. 1:13CV1165 <br><br> JUDGE CHRISTOPHER A. BOYKO |

**[REVISED PROPOSED] ORDER PRELIMINARILY APPROVING**
**PROPOSED SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, a securities class action is pending in this Court entitled *Government of Guam Retirement Fund*, *et al. v. Invacare Corporation*, *et al.*, Case No. 1:13CV1165 (CAB) (the "Action");

WHEREAS, (a) Lead Plaintiff the Government of Guam Retirement Fund ("Lead Plaintiff"), on behalf of itself and the Settlement Class (defined below), and (b) defendant Invacare Corporation ("Invacare") and defendants Gerald B. Blouch ("Blouch") and A. Malachi Mixon, III ("Mixon") (collectively the "Individual Defendants," and, together with Invacare, the "Defendants" and, together with Lead Plaintiff, the "Parties") have determined to settle all claims asserted against Defendants in this Action on the terms and conditions set forth in the Stipulation and Agreement of Settlement (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiff made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order that would, among other things, preliminarily approve the Settlement in accordance with the terms and provisions of the Stipulation;

WHEREAS, the Court has read and considered (a) the request for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto;

WHEREAS, the Court held a hearing on this matter on July 23, 2015; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **<u>Class Certification for Settlement Purposes</u>** – Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the

proposed Settlement, a Settlement Class consisting of all persons and entities who or which purchased or otherwise acquired the publicly traded common stock of Invacare between February 27, 2009, and December 7, 2011, inclusive (the "Settlement Class Period"), and were allegedly damaged thereby.  Excluded from the Settlement Class are Defendants; members of the Immediate Family of each of the Individual Defendants; the Officers and/or directors of Invacare; any person, firm, trust, corporation, Officer, director or other individual or entity in which any Defendant has a controlling interest (a greater than 50% voting equity interest); and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party.  For purposes of this definition, the Invacare Retirement Savings Plan shall not be deemed an affiliate of any Defendant.  Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

2. **<u>Class Findings</u>** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiff in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3. The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff the Government of

Guam Retirement Fund is an adequate class representative and is appointed as Class Representative for the Settlement Class. The Court also appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing (defined below) to be conducted as described below.

5. **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on November 19, 2015 at 2:00 p.m. at the United States District Court, Northern District of Ohio, Eastern Division, Courtroom 15B of the Carl B. Stokes United States Court House, 801 West Superior Avenue, Cleveland, Ohio 44113, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6. The Court may adjourn the Settlement Hearing and approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7. **Retention of Claims Administrator and Manner of Giving Notice** – The Court affirms its authorization of Lead Counsel to retain Garden City Group, LLC (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a) not later than ten (10) business days following entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim Form, substantially in the forms attached hereto as Exhibits A-1 and A-2, respectively (the "Notice Packet"), which incorporate the amendments discussed in Chambers and in open court at the July 23, 2015 hearing, to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the lists of registered holders (consisting of names and addresses) of publicly traded common stock of Invacare who purchased during the Settlement Class Period that Invacare shall provide to the Claims Administrator as provided in the Stipulation, or who otherwise may be identified through further reasonable effort;

(b) contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Proof of Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Proof of Claim Form can be downloaded;

(c) not later than five (5) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit

A-3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

   (d) not later than thirty-five (35) days prior to the Settlement Hearing, Lead Counsel shall file with the Court proof, by affidavit or declaration, of such mailing and publication.

  8. **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Proof of Claim Form, and the Summary Notice, attached hereto as Exhibits A-1, A-2, and A-3, respectively; and (b) finds that the mailing and distribution of the Notice and Proof of Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award an attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, *et seq.*, as amended, and all other applicable law and rules.  The dates that are triggered from entry of this Order shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9. **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Invacare common stock during the Settlement Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10. **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Proof of Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim Forms must be postmarked no later than one-hundred and twenty (120) days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to

the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

11. Each Proof of Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Proof of Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Settlement Class Member must be included in the Proof of Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Proof of Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12. Any Settlement Class Member that does not timely and validly submit a Proof of Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs'

Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Proof of Claim Forms may be accepted for processing as set forth in paragraph 10 above.

13. **Exclusion from the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) days prior to the Settlement Hearing, to:  Invacare Securities Class Action Settlement, c/o GCG, P.O. Box 10209, Dublin, OH 43017-3909, and (b) that each request for exclusion must (i) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Government of Guam Retirement Fund, et al. v. Invacare, Corporation, et al.*, Case No. 1:13CV1165"; (iii) state the number of shares of Invacare common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

14. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

15. Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment or, the Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

16. **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than twenty-one (21) days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

17. Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and

reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Bernstein Litowitz Berger & Grossmann LLP<br>Blair A. Nicholas, Esq.<br>Niki L. Mendoza, Esq.<br>12481 High Bluff Drive, Suite 300<br>San Diego, CA 92130 | Calfee, Halter & Griswold LLP<br>Mitchell G. Blair, Esq.<br>1405 East Sixth Street<br>Cleveland, OH 44114 |

18. Any objections, filings and other submissions by the objecting Settlement Class Member (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Invacare common stock that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale.

19. Any Settlement Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever

barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20. **Stay of Proceedings** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.

21. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court. Other than the cost of providing the list of security holders described in paragraph 7(a) of this Order, all fees, costs, and expenses incurred in identifying and notifying members of the Settlement Class or in administering the Settlement shall be paid from the Settlement Fund and in no event shall Defendants bear any responsibility for such fees, costs, or expenses, subject to paragraph 14 of the Stipulation. The claims administration fees and expenses shall be in addition to any litigation expenses awarded to Plaintiffs' Counsel and/or Lead Plaintiff.

22. **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23. **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Settlement Fund, to pay from the Settlement Fund

any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, (a) this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and shall not prejudice the rights of Lead Plaintiff, other Settlement Class Members, and the Defendants; (b) the Parties shall revert to their respective positions in the Action on March 24, 2015; and (c) the balance of the Settlement Fund shall be refunded as provided in further detail in the Stipulation.

25. **Use of this Order** – Neither this Order nor the Stipulation (whether or not the Settlement is consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil,

criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement; and *provided further* that nothing herein shall limit the materials or evidence that may be offered or referred to by Defendants' Releasees in disputes, actions, or proceedings arising between Defendants' Releasees.

26. **Supporting Papers** – Lead Counsel Bernstein Litowitz Berger & Grossmann LLP ("BLB&G") and Local Counsel Climaco, Wilcox, Peca, Tarantino & Garofoli Co., L.P.A. (collectively, "Plaintiffs' Counsel"), shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Plaintiffs' Counsel's motion, on behalf of Plaintiffs' Counsel, for an award of attorneys' fees and reimbursement of Litigation Expenses no

later than thirty-five (35) days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) days prior to the Settlement Hearing. As set forth in the Notice, attached hereto as Exhibit A-1, Plaintiffs' Counsel's application for attorneys' fees shall not exceed 25% of the Settlement Amount, plus 25% of the interest earned on the Settlement Fund until the time of the award, and Plaintiffs' Counsel's application for reimbursement of Litigation Expenses shall not exceed $400,000.00. Any request for attorneys' fees and/or reimbursement of Plaintiffs' Counsel's litigation expenses shall be made on behalf of all Plaintiffs' Counsel, and be supported by detailed affidavits or declarations and the firm resumes of both Lead Counsel and Local Counsel. Any request for reimbursement of costs and expenses, including lost wages, incurred by Lead Plaintiff directly related to its representation of the Settlement Class, as authorized by the PSLRA, shall be supported by a detailed affidavit or declaration.

27. Defendants and Defendants' Releasees shall have no responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any decision or proceeding with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any plan of allocation shall not affect the finality of any Judgment or Alternate Judgment, if applicable.

28. **CAFA Notice –** Defendants' Counsel have informed the Court that they have timely served notice as described in the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"), on June 11, 2015. Not later than thirty-five (35) days prior to the Settlement Hearing, Defendants' Counsel shall file with the Court proof, by affidavit or declaration, of compliance with CAFA.

29. The Court incorporates by reference its findings made on the record at the hearing on this matter held on July 23, 2015.

30. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this __10th__ day of __August__, 2015.

                                                        s/ Christopher A. Boyko
                                                        _____
                                                            Judge Christopher A. Boyko
                                                            United States District Judge