UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DISTRICT

| | |
|---|---|
| GOVERNMENT OF GUAM RETIREMENT FUND, *et al.*,<br><br>Plaintiff,<br><br>vs.<br><br>INVACARE CORPORATION, *et al.*,<br><br>Defendants. | Case No. 1:13CV1165<br><br>JUDGE CHRISTOPHER A. BOYKO<br><br>Date:     November 19, 2015<br>Time:    2:00 p.m. ET<br>Courtroom: 15B |

**LEAD PLAINTIFF'S NOTICE OF NON-OPPOSITION AND REPLY
IN FURTHER SUPPORT OF:  (I) LEAD PLAINTIFF'S MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF
ALLOCATION; AND (II) PLAINTIFFS' COUNSEL'S MOTION FOR AN AWARD OF
<u>ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES</u>**

## I.  **INTRODUCTION**

The Lead Plaintiff Government of Guam Retirement Fund ("Guam" or "Lead Plaintiff") respectfully submits this notice of non-opposition and reply in further support of its motion for final approval of the proposed Settlement and the proposed Plan of Allocation (ECF Nos. 84, 84-1) and Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses (ECF Nos. 85, 85-1) (collectively, the "Motions").[1]  The Settlement Class' response to the Settlement has been positive.  The deadline for filing objections passed on October 29, 2015, and no objections have been filed or otherwise received.

Pursuant to the Court's August 10, 2015 Order Preliminarily Approving Proposed Settlement and Providing for Notice (the "Preliminary Approval Order," ECF No. 79), beginning on August 24, 2015, the Claims Administrator mailed more than 21,000 copies of the Court-approved Notice to potential Settlement Class Members and their nominees.  The Notice set out the essential terms of the $11 million Settlement and informed potential Settlement Class Members of, among other things, their right, and deadline to, opt out of the Settlement Class or object to any aspect of the Settlement, the proposed Plan of Allocation, or Plaintiffs' Counsel's request for attorneys' fees and reimbursement of Litigation Expenses.

On October 15, 2015, pursuant to the Court's Preliminary Approval Order, Lead Plaintiff filed its motion for final approval of the Settlement and Plan of Allocation and Plaintiffs' Counsel's motion for fees and expenses.  ECF Nos. 84, 85.  Lead Plaintiff's motion for final approval of the Settlement explains the numerous reasons why the Settlement is fair, reasonable and adequate to the Settlement Class.  Likewise, Plaintiffs' Counsel's motion for fees and expenses explains why

---

[1] Unless otherwise stated or defined, all capitalized terms used herein shall have the meanings provided in the Stipulation And Agreement Of Settlement (ECF No. 73, the "Stipulation").

the fee request for 25% of the Settlement Amount is fair and reasonable, and supported by, among other factors, the result achieved in the face of significant risks and the contingent nature of the litigation. In addition, the fee request is supported by a lodestar cross-check with a multiplier of only 1.73. The Motions are supported by detailed declarations of Plaintiffs' Counsel, Lead Plaintiff, the Claims Administrator, the expert in support of the Plan of Allocation, and the mediator who recommended the Settlement, Jed D. Melnick, Esq. of JAMS (ECF Nos. 84-2 through 84-8).

As set forth in the Notice, the deadline for any objections or requests for exclusion was October 29, 2015. With the passing of that deadline, and the absence of any objections to the Settlement or other relief requested in the Motions, the Settlement Class' support for the Settlement, the Plan of Allocation, and the fee and expense application are beyond question. "The lack of significant objections is powerful evidence of the fairness of a proposed settlement." *In re Nationwide Fin. Servs. Litig.*, 2009 WL 8747486, at *7 (S.D. Ohio Aug. 19, 2009) (citing *Brotherton v. Cleveland*, 141 F. Supp. 894, 906 (S.D. Ohio 2001) ("[A] relatively small number of class members who object is an indication of a settlement's fairness.") (citing 2 Herbert Newberg & Alba Conte, Newberg on Class Actions, § 11.48 (3d ed.1992)); *In re Art Materials Antitrust Litig.*, 100 F.R.D. 367, 372 (N.D. Ohio 1983) (noting that the overwhelming approval of a proposed settlement by the class members "is entitled to nearly dispositive weight in this court's evaluation of the proposed settlement")).

In addition, Lead Plaintiffs' expert estimates that more than 93% of the Invacare common stock shares outstanding during the Settlement Class Period were held by institutional investors. Such sophisticated institutional investors typically possess the resources and acumen to consider the merits of a proposed class action settlement. The absence of any objections from this

2

sophisticated group of investors – combined with the support from the sophisticated institutional investor Lead Plaintiff Guam – is further evidence of the fairness of the Settlement.

Further, only four requests for exclusion from potential Settlement Class Members, all individuals, have been received.[2]  The dearth of requests for exclusion and absence of any objections further support the fairness, reasonableness and adequacy of the Settlement, and support approval of the Motions.

Based on the foregoing and the entire record herein, Lead Plaintiff respectfully requests that the Court approve the Settlement and Plan of Allocation as fair, reasonable and adequate and in the best interests of the Settlement Class; and grant Plaintiffs' Counsel's application for attorneys' fees, for reimbursement of Plaintiffs' Counsel's Litigation Expenses, and for reimbursement of the costs and expenses of Lead Plaintiff Guam, in the amounts requested.

For the Court's convenience, Lead Plaintiff submits herewith the parties' agreed-upon form of proposed Judgment, a proposed order approving the Plan of Allocation, and a proposed order approving Plaintiffs' Counsel's fee and expense application.

Dated:  November 12, 2015                              Respectfully submitted,

 */s/ Benjamin Galdston*
BENJAMIN GALDSTON

**BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP**
Blair A. Nicholas (admitted *Pro Hac Vice*)
Benjamin Galdston (admitted *Pro Hac Vice*)
Niki L. Mendoza (admitted *Pro Hac Vice*)

---

[2] A list of those that requested exclusion from the Settlement Class is attached as Exhibit 1 to the parties' agreed-upon form of proposed Judgment submitted herewith.  Three of the four individuals requesting exclusion provided no transactional information (number of shares purportedly purchased or acquired during the Settlement Class Period) indicating that they otherwise would have been Settlement Class Members.  The other individual stated that he "exercised 1500 shares (stock options) at 30,25 USD."  In an abundance of caution, all four individuals who requested exclusion are listed on Exhibit 1 to the proposed Judgment.

3

David R. Kaplan (admitted *Pro Hac Vice*)
12481 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: (858) 793-0070
Facsimile: (858) 793-0323

*Counsel for Lead Plaintiff Government of Guam Retirement Fund and Lead Counsel for the Settlement Class*

**CLIMACO, WILCOX, PECA, TARANTINO & GAROFOLI CO., L.P.A.**
John R. Climaco (0011456)
Scott D. Simpkins (0066775)
55 Public Square, Suite 1950
Cleveland, Ohio 44113
Telephone: (216) 621-8484
Facsimile: (216) 771-1632

*Local Counsel for Lead Plaintiff Government of Guam Retirement Fund*

4