UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GOVERNMENT OF GUAM RETIREMENT FUND, *et al.*, | Case No. 1:13CV1165 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| vs. | |
| INVACARE CORPORATION, *et al.*, | |
| Defendants. | |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' COUNSEL'S MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

WHEREAS, Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Fee Motion," ECF Nos. 85, 85-1) came before the Court for hearing on November 19, 2015, pursuant to the Court's Order dated August 10, 2015 preliminarily approving the Settlement (the "Preliminary Approval Order," ECF No. 79), and due and adequate notice having been given to the Settlement Class as required by the Preliminary Approval Order, and the Court, having read and considered the Fee Motion and supporting declarations and exhibits and being fully informed of the related proceedings, now FINDS, CONCLUDES AND ORDERS as follows:

1.     The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.     This Order incorporates by reference the definitions in the Stipulation And Agreement Of Settlement (the "Stipulation," ECF No. 73), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

3.      Settlement Class Members have been given the opportunity to object to the Fee Motion in compliance with Federal Rule of Civil Procedure 23(h)(2).

4.      The Fee Motion is GRANTED.

5.      The Court hereby awards attorneys' fees in the amount of 25% of the Settlement Amount, plus interest in the amount of 25% of the interest earned by the Settlement Fund as of the date the fee is received, to be paid from the Settlement Fund.  The Court finds that an award of attorneys' fees of 25% is fair and reasonable in light of the following factors, among others:  the contingent nature of the case; the risks of this complex litigation; the quality of the legal services rendered; the benefits obtained for the Settlement Class; the institutional Lead Plaintiff's support of the fee and expense application; the fees awarded in similar actions; and the reaction of the Settlement Class.  Further, the requested award of attorneys' fees is also supported by a lodestar multiplier cross-check.  The fee award is further justified by the risk Plaintiffs' Counsel undertook and the results they achieved for the Settlement Class through the quality of their representation of Lead Plaintiff and the Settlement Class in this complex litigation.

6.      The Court also grants Plaintiffs' Counsel's request for reimbursement of Plaintiffs' Counsel's Litigation Expenses in the amount of $156,551.86, to be paid from the Settlement Fund. The Litigation Expenses incurred by Plaintiffs' Counsel have been adequately documented and were reasonably incurred for the benefit of the Settlement Class, and the Court finds that the reimbursement of those expenses is justified.

7.      The Court also grants the request for reimbursement of Lead Plaintiff Guam's costs and expenses in the amount of $4,200.00 pursuant to the Private Securities Litigation Reform Act of 1995, to be paid from the Settlement Fund.

8.      There is no just reason to delay the entry of this Order, and immediate entry of this Order by the Clerk of the Court is expressly directed.

SO ORDERED this _____ day of _____, 2015.


_____
Honorable Christopher A. Boyko
United States District Judge

3